## WILLIAM T. MYERS

*v.*

## THERESA PHILLIPS.

1.  EJECTMENT—*new trial under the statute.* Where a recovery in eject-ment was had March 6, 1871, and the defendant paid all the costs on the 28th of the same month, but failed to pay the damages, which were assessed at one cent, and on March 4, 1872, entered his motion for a new trial under the statute, but offered no evidence of the payment of the costs until March 14, 1872, and the court, on the 28th of the same month, overruled the motion: *Held*, that the defendant, having paid the costs and made his application within one year, had substantially complied with the statute, and was entitled to a new trial, notwithstanding he failed to pay the damages.

2.  BILL OF EXCEPTIONS—*amended after term.* While it is true that a bill of exceptions, after the term at which it is filed, can only be amended upon the order of the court in term time, on proper notice to the opposite party, yet where such amendment is made and certified, and it does not appear that it was made in vacation or without notice, and no motion is made to strike it from the files, this court will regard it as rightfully made and consider the same.

WRIT OF ERROR to the Circuit Court of Effingham county; the Hon. HIRAM B. DECIUS, Judge, presiding.

Messrs. COOPER & KAGAY, for the plaintiff in error.

Messrs. WOOD & BARLOW, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, and the only question pre-sented on the record respects the refusal of the court below

to vacate the judgment, and grant a new trial under the statute.

The provision of the statute is, that the court in which judgment shall be rendered in such action, at any time within one year thereafter, upon the application of the party against whom the same was rendered, and upon the payment of all costs and damages recovered thereby, shall vacate such judgment and grant a new trial.

Judgment for recovery of possession of the premises, and for one cent damages, was rendered against the defendant on the 6th day of March, 1871. On the 28th day of the same month he paid all the costs in the cause. On the 4th day of March, 1872, he entered his motion for a new trial under the statute, but offered no evidence of the payment of costs. On the 14th day of March, 1872, the defendant gave evidence of the payment of the costs on the 28th of March, 1871, and the court, on the said 14th day of March, overruled defendant's motion for a new trial under the statute.

The one cent damages here was merely nominal. It was of no substantial benefit to the plaintiff, and evidently was not intended to be such. The important right given by the statute should not be lost because of its non-payment. The maxim that the law will not regard trifles, properly applies.

The defendant, then, having made his application and paid the costs within one year after the rendition of the judgment, had substantially complied with the requirements of the statute, which entitled him to have the judgment vacated and a new trial granted, and we are of opinion the court erred in overruling the motion of defendant to that effect.

The original bill of exceptions did not show that all the costs had been paid—that fact is only shown by an amended bill of exceptions filed on the first day of May, 1873, nearly a year after the expiration of the time limited for the filing of a bill of exceptions by the original order of the court. It is insisted that this amended bill of exceptions should not be considered; that under the authority of *Wallahan* v. *The*

*People,* 40 Ill. 102, it was an amendment of the record which could only have been made upon the order of the court in term time, on proper notice to the opposite party, and that it is not shown that this amended bill of exceptions was filed upon such order or notice, or that it was filed in open court. It does not appear that it was not filed in open court in term time, or without notice.

Had the amendment of the bill of exceptions been made under unauthorized circumstances, a motion should have been made to strike out the amended bill of exceptions as not properly a part of the record. That not having been done, we can not do otherwise than regard the amendment as having been rightfully made, and treat it as properly a part of the record.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCHOLFIELD, having been of counsel upon the trial of this case in the court below, took no part in the decision.