### Mary E. Stolz *et al.*

*v.*

### Henry Drury.

New trial *in ejectment, under the statute.* When a motion is made by a party for a new trial, in open court, on the same day a judgment is rendered in an ejectment suit, and he pays all the costs within two days thereafter, and during the same term of court, he has done all he is required to do to entitle him to a new trial under the statute, and the court has power to vacate the judgment and award a new trial in such case, even after the expiration of the period limited by the statute, and should do so at the request of the party.

Appeal from the Circuit Court of De Kalb county; the Hon. Theodore D. Murphy, Judge, presiding.

Mr. Charles Kellum, for the appellants.

Mr. R. L. Divine, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

The statute in force at the time this cause was commenced, and under which appellants claim a new trial as a matter of right, provides, the court in which such judgment shall be ren-

dered, at any time within one year thereafter, on the application of the party against whom the same was rendered, upon payment of all costs and damages shall vacate such judgment, and grant a new trial.

It is not controverted a motion was made for a new trial, under this statute, on the day the judgment in ejectment was rendered, and two days thereafter, during the same term of court, the defendant paid all the costs in said cause to the clerk of the court; but the objection taken is, the judgment was not in fact vacated by any order of the court within the period limited by the statute.

The exact point urged by counsel was decided by this court against the position assumed, in the case of *Myers* v. *Phillips,* 68 Ill. 269. In that case all costs had been paid and a motion for a new trial entered in open court before the expiration of one year, but the judgment was not, in fact, vacated by any action of the court. It was insisted, as in the case at bar, that after the expiration of the period limited by the statute the court had no jurisdiction to vacate the judgment and grant a new trial. But, it was held, the defendant, having made his application and paid the costs within one year, had substantially complied with the requirements of the statute, and was entitled to have the judgment vacated and a new trial granted. Here, the defendant made his application in open court, as in that case, and paid the costs within one year after the rendition of the judgment. It was, perhaps, no fault of his, the court took no formal action on the motion to set aside the judgment. The defendant may have had no power sooner to move the court to action in the premises. The motion to vacate the judgment was made at the earliest moment possible, and the costs paid within two days thereafter. This was all the law required the defendant to do to obtain his new trial. More than this he could not do, except to respectfully call the attention of the court to the fact that such motion had been made and the costs paid.

The court and the parties, however, treated the judgment at

the February term, 1873, as having been previously vacated, for the court at that time entertained a motion, without any objection on the part of appellee that the cause was not then pending, to substitute appellants for the nominal defendant, which was done.

The decisions cited by counsel in this court are not in conflict with the rule here announced. In *Emmons* v. *Bishop*, 14 Ill. 152, the costs had been paid within one year after the rendition of the judgment, and a petition for a new trial filed with the clerk. It was held that this was not sufficient, but that it was imperative the application should be made to the court within the statutory period. No application having been made, it was not necessary for the court to decide he must obtain a new trial within a year.

The point made in this case, and in *Myers* v. *Phillips*, *supra*, was not raised or decided in *Gibson* v. *Manly*, 15 Ill. 140, or in *Rees* v. *The City of Chicago*, 40 id. 107. Those cases announced the correct doctrine on the facts as presented by the records, but are not analogous cases with the one we are considering. They are not authorities against the views stated in this opinion.

The court erred in not granting a new trial to appellants under the statute, and in not entertaining the motion for a change of venue, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*