## BOARD OF COMMISSIONERS OF NATRONA COUNTY v. SHAFFNER.

Bill of Exceptions—Submission of Cause on Pleadings—Motion for New Trial, Necessity for—Record Proper Embraced in Bill of Exceptions—Authentication of Bill,—Judicial Knowledge— Record—Transcript—Appeal and Error—Petition in Error— Amendment.

1. Where by stipulation a cause is submitted for final judgment upon the petition, answer and reply, and the action is determined on those pleadings without the production of evidence, and the judgment entry recites the stipulation for submission, a bill of exceptions is unnecessary; since no issue of fact is involved, and the only facts for consideration are those admitted by the pleadings, either expressly or because not denied, and the pleadings and judgment are in the record without the bill.

2. A motion for new trial is not essential to review where the cause has been submitted to the trial court and determined solely upon the pleadings; since the trial in such case does not involve an examination or determination of an issue of fact.

3. When a motion for new trial is not required as a condition to review, the fact that it is not incorporated in the bill of exceptions is no ground for quashing the bill.

4. A bill of exceptions is properly certified and sufficiently shown to have been filed in the trial court where the certificate of the clerk of such court, over his signature and the seal of court, attached to the original papers transmitted to this court shows that they are all the papers filed in the cause including the bill, and the latter appears to be signed by the judge, and bears a filing endorsement lacking the clerk's signature.

5. Notwithstanding that a bill of exceptions is not essential to a review of the questions involved, a motion that it be quashed

on other grounds will· be denied, when none of the objections stated in the motion are well taken.

6. The Supreme Court takes judicial knowledge of the various district courts, where and when they are required to be held, and of the judges and clerks thereof respectively.

7. Under the statutory provisions governing appellate proceedings in this State, and where the time and place for holding courts are fixed by statute, and no one but a District Judge may preside over a District Court, although one judge may hold court for another, it is not necessary that a transcript of the record filed in the Supreme Court shall contain the convening order of the court, the intervening orders of adjournment, and the order finally closing the term.

8. A transcript of the journal entries in a cause on error from a District Court authenticated by the clerk of said court, under seal, as all the journal entries in the cause named "as the same now appears in journal number two of the records of this court," and at the beginning of each order stating, though informally, the term and date when made and entered, and at the end thereof, with one exception, appearing the name of the presiding judge, is a sufficient compliance with ,the statute and rules, as against the objection that the record does not contain a placita; nothing appearing therein to indicate that the court was not ·held as provided by law.

9. The more correct practice in respect to the formal parts of a transcript suggested.

10. An assignment of error that the court erred in overruling a motion for new trial cannot be considered where the motion is not embraced in a bill of exceptions.

11. On motion to dismiss petition in error on the ground of a waiver of one of the assignments of error by certain proceedings in the trial court, it is unnecessary to consider such objection, when there remains another and distinct assignment not attacked.

12. The function of a petition in error being to secure the vacation, reversal or modification of a judgment or other final order, it should distinctly point out the judgment or order sought to be reviewed. Where that is not done the petition in error will not be entitled to consideration.

13. A petition in error should with reasonable certainty describe the cause wherein the alleged errors have occurred, and the judgment complained .of, by some certain description. A statement of the date of rendition of the judgment may not be essential· if it be otherwise clearly identified and described.

14. Under the peculiar facts in the case at bar an opportunity was afforded to amend the petition in error.

[Decided March 19, 1902.]

Error to the District Court, Natrona County, Hon. Charles W. Bramel, Judge.

On motions to dismiss and quash bill of exceptions. The facts material to the motions are stated in the opinion. The motions were denied. But it was suggested that if the petition in error should not be amended within the time allowed therefor, it would be dismissed for insufficiency.

*Allen G. Fisher,* for defendant in error, contended, on behalf of the motions, that the record should show facts sufficient to disclose where and when the court was held, the term, name of the judge and other officers present, so that the Appellate Court may know that the proceedings were had before a court; and cited the following authorities:   McDonald v. Peniston, 1 Neb., 324;  Orr v. Orr, 2 Neb., 170; 20 Ency. L., 1st Ed., 476;  Sayles v. Briggs, 4 Metc., 421; Stubbs v. State, 49 Miss., 761;  Lawrence v. Fast, 20 Ill., 338;  Planing Mill L. Co. v. Chicago, 56 Ill., 304;  McKinney v. People, 7 Ill., 552;  People v. Bennet, 37 N. Y., 117; Com. v. Hogan, 113 Mass., 7;  Bob v. State, 7 Humph., 129; Skinner v. Beshoar, 2 Colo., 383;  Stubbins v. Evanston, 156 Ill., 338;  Keller v. Brickey, 33 Ill., 496;  Burlington Un. v. Stewart, 12 Ia., 442;  Howell v. Ray, 83 N. C., 558;  High v. Carlott, &c., R. Co., 112 N. C., 385;  Baisley v. Baisley, 15 Or., 183.

No brief *contra.*

Potter, Chief Justice.

The defendant in error moves to quash the bill of exceptions in this case, and also to dismiss the proceedings in error.  The two motions were heard at the same time.

The motion to quash the bill might be granted without material prejudice to the case, as there would seem to be no purpose to be subserved by such a document in this case, and

the bill in question contains nothing but a recital of the various proceedings in the cause, all of which are shown by the record proper. It states that a motion for a new trial was filed and overruled, and an exception reserved to the ruling; but the motion itself is not incorporated in the bill.

A demurrer to the petition on three grounds, viz., that the plaintiff has no legal capacity to sue; that several causes of action are improperly joined, and that the petition does not state facts sufficient to constitute a cause of action, was overruled, and that ruling was excepted to. Afterward the defendant answered, and plaintiff filed a reply. The cause was thereupon submitted for final judgment, by stipulation of the parties, upon the petition, answer and reply; and upon those pleadings the action ·was determined ·by the rendition of the judgment now sought to be reviewed. No evidence was offered; and it is apparent that no issue of fact could have been presented under the stipulation submitting the case. The only facts which the court could possibly consider were those admitted by the pleadings, either expressly or because not denied. Under these circumstances it would seem that a bill of exceptions was not necessary to preserve any exception, or to make anything a matter of record not already a part of it, unless, possibly, the written stipulation submitting the cause; but that was not embodied in the bill. However, the judgment entry itself records the fact of such stipulated submission. Of course, if the motion for new trial was required, as a condition precedent to review in this court, it, and the exception based upon the order overruling it, could only be preserved by bill; but it is not conceived that such a motion was essential, since the trial did not involve the examination or determination of any issue of fact. (See R. S., Sec. 3746; Seibel v. Bath, 5 Wyo., 409.)

The absence of any necessity for a bill is not, however, the ground of the motion to quash. We think there is no merit in the grounds stated in the motion. One ground is that no motion for a new trial is incorporated in the bill. That fact does not constitute a good ground for· quashing a bill, where

such a motion is not required. Another objection urged against the bill is that its recitals are not true. Such an objection is not maintainable in this court, since a bill is to be settled in the trial court and not here. The main contention, probably, is that the bill is not properly certified, or shown to have been filed in the District Court. This objection is doubtless urged because of the failure of the District Clerk to sign the filing endorsement upon the back of the bill. The endorsement is stamped upon the back, indicating its filing February 2, 1901, but the clerk's signature is lacking. However, a certificate attached to the original papers, which are sent up pursuant to the act of 1901 (S. L., 1901, Ch. 3, Sec. 1; Supreme Court Rules 11 and 12), states that the papers "are all the papers *filed* in this court in the case wherein Edgar B. Shaffner is plaintiff and the Board of Commissioners, Natrona County, Wyoming, is defendant, and are named as follows," and following that statement is a list of the papers, including the "bill of exceptions." The certificate is duly signed by the clerk and bears the seal of the District Court. The purported bill appears to be signed by the judge of the court. We do not think it can be held that the bill is not properly certified, or that it appears by the record not to have been filed. The clerk treated it as filed, and certified it to have been filed, and his filing mark, but without his signature attached, appears upon it.

Notwithstanding that we do not now perceive the necessity for a bill in this case, and for that reason, as well as for the further reason that the bill in this record is nothing but a recital of record matters, it can be of no practical utility, the motion to quash must be denied, as we think none of the objections stated in the motion are well taken.

The principal contention in support of the motion to dismiss is that the record is insufficient because it does not contain a *"placita."* It is urged that the record should show when and where the court was held, the term, and the name of the judge and other officers present, in order that the appellate court may be properly and regularly informed from an

inspection of the record itself that the proceedings complained of were had before a court.

Our statute (S. L., 1901, Ch. 3) requires that upon the filing of a petition in error, the plaintiff in error shall apply to this court for an order directing the Clerk of the District Court to transmit the original papers, or such of them as may be necessary to exhibit the errors complained of, and a transcript of the journal entries necessary to exhibit such errors. Upon filing the application, it is declared to be the duty of the clerk of this court to forthwith issue an order for such papers and transcript. In the case at bar the original papers are here duly certified as such, and they are fastened together, as required by rule 11 of this court.

The transcript of the journal entries are to be sent up separate from the papers, as required by rule 12; and they are so sent up in the case at bar. They are authenticated by the clerk, as all the journal entries in the case named in the certificate, "as the same now appears in journal number 2 of the records of this court." The certificate shows that it is made by the Clerk of the Court in and for Natrona County, and the seal of that court is affixed thereto. At the beginning of each order in the transcript there is stated, although informally, the term and date when it was made and entered; and at the end of each order, with one exception, is appended the name of the Presiding Judge of the court.

It has not been the custom in this jurisdiction to require the record to set out the convening order of the court, disclosing the name of the judge and other officers present, and the place and date when convened. Neither has such a practice usually prevailed in this court. Indeed, under our present statutes, a final order might be entered at such a time that it would not be associated with any convening order. Judgments and orders may, in certain cases, be entered out of term, as judgments and orders of the court. (See Anderson v. Matthews et al., 8 Wyo., 307; Schlessinger v. Cook, 8 Wyo., 484.)

It is no doubt the general rule that the record should show

the facts essential to vest the Appellate Court with jurisdiction to hear the cause. And so some courts have held that it must appear affirmatively by the record that there was a properly organized court by which a lawful judgment could be rendered. (2 Ency. Pl. & Pr., 265.) But under statutory provisions, such as govern appellate proceedings in this State, and where the time and place for holding courts are fixed by statute, and no one but a District Judge may preside over a District Court—although the judge of one district may hold court for a judge in another district—we apprehend, there does not exist a necessity for such a technical application of the rule as would require each transcript to contain the convening order, and the intervening orders of adjournment, and the order finally closing the term.

This court has judicial knowledge of the various District Courts, where and when they are required to be held, as well as the judges and clerks respectively of those courts.

In view of the practice so long prevailing here, we are not inclined to adopt the technical conclusion of counsel for defendant in error, nor to insist upon the necessity of the practice contended for.

We are, moreover, of the opinion that the statute regulating the transmission of the papers and transcript of the journal entries to this court, and our rules adopted pursuant thereto, are complied with by the record and transcript in the case at bar, since nothing appears therein to indicate that the court was not convened and held as provided by law. The certificate of the clerk identifies each order as one made by the District Court for Natrona County, and as entered in the journal of that court.

We wish to add, however, that the transcript is not in desirable form, although we do not consider it insufficient.

The customary and proper method of preparing a transcript is to precede each entry with a recital, substantially as follows: "Be it remembered that on the .... day of ......., 190.., in the District Court for the ........ Judicial District, in and for ........ County, the following, among other

proceedings, were had, to-wit:" If the day named was a day of a regular term, it is well to so state by adding after the date, "the same being one of the regular days of the . . . . . term of the District Court," &c.

The petition in error contains the following assignments of error:

1.   Error in overruling the demurrer of plaintiff in error.

2.   In giving judgment for Edwar B. Shaffner, when it ought to have been given for the Board of County Commissioners.

3.   In overruling the motion for new trial.

The third assignment cannot be considered, since no motion for new trial is embraced in a bill of exceptions. It is contended that the exception taken to the order overruling the demurrer was waived by defendant's subsequent answer, and submission of the cause upon the pleadings. That matter need not be decided upon this motion. There is a separate and distinct assignment, viz., error in rendering final judgment; and that assignment is not attacked.

The petition in error is objected to as incomplete and insufficient. Preceding the assignment of the errors complained of, the petition states: "The said plaintiff in error claims that there is manifest error prejudicial to it in the record and proceedings of the District Court, in the Second Judicial District, in and for Natrona County, State of Wyoming, filed herewith and made a part hereof, marked 'A' in this, to-wit:"

There was no exhibit filed with the petition. Doubtless it was prepared before information had reached counsel of the then recent enactment changing the method of bringing the record into this court. Anterior to the act of 1901 it was the duty of plaintiff in error to file with the petition in error a transcript of the record. Such a transcript would disclose the cause wherein the errors were alleged to have occurred, and the judgment appealed from. Failure to change the petition may probably be charged to inadvertence. As it stands, it is apparent that it fails to describe or indicate either the cause or the judgment. The title of the cause in this court

may be entirely different from that in the trial court. Indeed, by going to the record sent up, it is different in this case—the parties being transposed.

A petition in error should with reasonable certainty describe the cause wherein it is claimed that errors have occurred, and the judgment sought to be reviewed ought to be indicated by some certain description. A statement of the cause wherein the judgment was rendered and the date of its rendition should be embraced in the petition. We do not hold that a statement of the date of the judgment is indispensable, if it is otherwise clearly identified and described. The function of a petition in error is to secure the vacation, reversal or modification of a judgment or other final order. (R. S., Sec. 4251.) It is clear that it should point out distinctly the judgment or order, the vacation, reversal or modification of which is sought.

The petition in error in this case is insufficient in its present condition to entitle it to consideration. In view of the fact, however, that it was filed shortly after the change in the statute, we are not inclined to dismiss the case without allowing an opportunity to amend. Plaintiff in error will be granted thirty days in which to amend the petition, so that it will show the judgment whose reversal is sought. In case such an amendment is not made within the time allowed, the proceedings will be dismissed upon the fact being called to the court's attention. For the present the motion to dismiss will be denied.

Corn, J., and Knight, J., concur.