## LE CLAIR v. HAWLEY ET AL.

APPEAL AND ERROR—RECORD—BILL OF EXCEPTIONS.

1.  A defendant in error is not entitled upon motion in the proceeding in error brought by his adversary to have brought into the record a bill of exceptions taken by him upon the overruling of his motion in the trial court to strike the bill of the plaintiff in error because of its alleged presentation after the time allowed, the bill so assailed appearing upon its face to be in all respects, regular.

2.  A bill of exceptions, like any other record, appearing to be regular on its face, imports absolute verity, and is not impeachable in the appellate court by any evidence outside the record itself.

3.  The supreme court has no control over the records of any inferior court except in the exercise of its appellate or supervisory jurisdiction. It cannot settle a bill of exceptions taken upon a trial or proceeding in a district court, nor amend or correct one allowed in such court.

4.  A bill of exceptions taken by defendants upon the overruling of their motion to strike a bill taken by the plaintiff, against whom judgment had been rendered, on the ground that it had not been timely prepared and presented, is not properly a part of the record upon plaintiff's appeal, and upon its mere filing as a part of the record on such appeal it could not be used to question the correctness of plaintiff's bill, for, until reversed or vacated, the supreme court would be bound by the decision of the district court upon the motion of defendants to strike filed in that court.

[Decided November 19, 1908.]                    (98 Pac. 120.)

Error to the District Court, Fremont County, Hon. Charles E. Carpenter, Judge.

Heard on motion of defendants in error for an order requiring the transmission 'from the district court, as a part of the record, of a bill of exceptions taken by defendants in error upon the overruling of their motion to strike the bill of exceptions filed by plaintiff in error.

*E. H. Fourt,* for defendants in error, in support of the motion.

The motion of defendants in error to have their bill of exceptions brought into the record as an auxiliary proceeding in the case is presented for the reason that the record in the principal case does not show the facts with reference to the settlement and allowance of the bill of exceptions prepared by plaintiff in error. The following cases are cited as sustaining the propriety of the motion: (Harris v. Tomlinson, 130 Ind. 426; Tomlinson v. Harris, (Ind.) 30 N. E. 214, 217.) The writ of *certiorari* has been abolished in this state. (Rev. Stat. Sec. 4270.) And the effect of the statute abolishing the writ has been construed by the courts of Ohio from which state our code is taken. (Whit. Ann. Code, 2nd Ed., Sec. 6731; Yaple's Code Pr. 656.)

*Stone, Winslow & Gudmundsen,* for the plaintiff in error, *contra.*

It clearly and affirmatively appears upon the face of plaintiff's bill of exceptions that it was presented within the time allowed. The effect of the motion of defendants in error is to dispute the truth of the recital of the bill in that respect and the certificate of the trial judge. The allowance of the bill is a determination by the trial judge that the preliminary proceedings were regular. (Bergenthal v. Fiebrantz, 48 Wis. 440.) The filing mark properly shows the date of its presentation. (Swem v. Green, 9 Colo. 361.) Where a bill is seasonably presented its untimely filing does not render it irregular, if the delay is due solely to the

trial judge. (3 Ency. Pl. & Pr. 484.) A bill seasonably tendered is not invalidated by the failure of the judge to sign within the time required by law. (3 Ency. Pl. & Pr. 474; McBride v. Ry. Co., 3 Wyo. 183.) Even if it appeared by the record that the bill was merely presented to the clerk and not presented to the judge within the time prescribed, the presentation would be held sufficient. (Fecheimer v. Trounstiene, (Colo.) 20 Pac. 704.) There seems to be no reason why the judge might not make the clerk his agent to receive the bill, and if the judge then accepts it as of the date delivered to the clerk the rights of the party presenting the bill would be fully protected. (Reay v. Butler, 69 Cal. 572; Flynn v. Cottle, 47 Cal. 527; James v. Lepert, 19 Neb. 174.) The motion is purely technical, is not well taken, and should be denied.

POTTER, CHIEF JUSTICE.

The plaintiff in error, who was plaintiff below, complaining on error of the judgment rendered in favor of the defendants upon a trial of this action in the District Court, has caused to be filed here his bill of exceptions, showing on its face that it was reduced to writing and presented to the trial judge for allowance within the authorized time granted for that purpose by the court, and that it was duly and regularly settled and signed, and ordered to be filed as a part of the record in the cause.

The defendants in error have filed a motion that the Clerk of the District Court be required to transmit with proper certificate a bill of exceptions alleged to have been taken and filed by them upon the overruling of their motion in said court to strike the plaintiff's said bill from the files. A hearing has been had upon that motion. It is in substance stated in the motion that the bill thus sought to be brought into the record will show that the defendants objected to the settlement and allowance of plantiff's bill on the ground that it had not been presented within the time granted by the court; that they subsequently moved to strike the bill from the files, and upon the hearing thereof

it appeared that such bill had not been presented to the court or judge within the time allowed, except by a filing thereof in the office of the clerk on the last day allowed for such presentation, viz:   April 15, 1908, and that, without a previous presentation, except as aforesaid, on June 10, 1908, one of the days of the June term of the court, the bill was allowed and settled, and ordered to be filed as of April 15, 1908.

Plaintiff's bill, against which the alleged motion of defendants to strike was directed, certifies specifically that it was presented, allowed and signed on April 15, 1908.   As before stated, therefore, the bill appears on its face to have been timely and regularly presented, settled and filed.   By the motion now under consideration the court is asked to order another bill brought into the record for no other purpose, it seems, than to review a subsequent order of the trial court refusing to strike plaintiff's bill from the files, and thus determine whether it truly states the facts as to the time when it was presented, signed and filed; and this is proposed not upon an appeal from the order which defendants complain of, but on the plaintiff's appeal from the preceding judgment.   It is clear that the purpose of the defendants is to challenge the regularity of the bill on file, since there is no other conceivable object of their motion.   Indeed, they have filed a motion in this court, which, however, has not been submitted, to strike the bill from our fiiles on the same ground that their motion to strike is alleged to have been made in the lower court.

Whatever the remedy of the defendants in error to further test the regularity of the bill which they object to, the motion now made is not the proper one.   This court cannot solely upon plaintiff's appeal from the judgment in the cause question or investigate the truth of the recitals of their bill of exceptions, which show it to be in all respects regular.   (3 Ency. Pl. & Pr. 498; Baxter v. Coughlin, 80 Minn. 322; Bergenthal v. Fiebrantz, 48 Wis. 435; Nilson v. Morse, 52 Wis. 240; Magill v. Brown, 98 Ill. 235;

(8)

Myers v. Phillips, 68 Ill. 269; Underwood v. Hossack, 40 Ill. 98; Hyde Park v. Dunham, 85 Ill. 569; Riverside Rubber Co. v. Buckland, 18 O. C. C. 585; Iowa Gold Min. Co. v. Diefenthaler, (Colo.) 76 Pac. 981.)

A bill of exceptions, like any other record, appearing to be regular on its face, imports absolute verity, and is not impeachable in the appellate court by any evidence outside the record itself. (3 Ency. Pl. & Pr. 513.) When it appears to be contradicted by another necessary or proper record in the appellate proceeding the question is then to be determined upon the record more properly reciting the particular matter. (Id. 514, 515.) The additional proceedings now asked to be brought into the record are not necessary to the maintenance or consideration of the proceeding in error instituted by the plaintiff, nor would they constitute properly a part of the record in such proceeding, unless presenting a matter within the cognizance of the court therein. This court has no control over the records of any inferior court except in the exercise of its appellate or supervisory jurisdiction. It cannot settle a bill of exceptions taken upon a trial or proceeding in a district court, nor amend or correct one allowed in such court. (Callahan v. Houck, 14 Wyo. 201.)

In the absence, therefore, of a proceeding properly invoking its jurisdiction this court cannot inquire into the correctness of statements contained in a bill of exceptions appearing regular on its face. The bill alleged to have been taken by the defendants could not be used for the purpose of questioning the correctness of the present bill upon its mere filing as a part of the record on plaintiff's appeal, for until reversed or vacated we would be bound by the decision of the District Court upon the motion to strike filed by the defendants in that court. Otherwise a consideration of the matter would be independent and original in this court, and the bill of defendants could have no greater effect than affidavits or other extrinsic evidence which, it is well settled, are inadmissible in an appellate court to ques-

tion the truth of a bill of exceptions appearing to have been regularly settled and made a part of the record.

The cases of Tomlinson v. Harris and Harris v. Tomlinson, 130 Ind. 339, 426, cited by counsel for defendants in error, do not support the right to bring the additional record into this proceeding in the manner proposed. In those cases it was merely held that where, pending an appeal from the judgment in a cause, a motion of the appellant is granted in the lower court to amend the bill of exceptions, the appellee cannot appeal from the order amending the bill as from an original case, but the proceeding amending the bill, if it is to be questioned by the appellee, should be brought up on appeal as a part of the main action; though it was held that where a suit is instituted to correct a bill of exceptions, or other record, not in aid of a pending suit, an appeal will lie as in other actions.

For the reasons stated the motion will be denied.

BEARD J., and SCOTT, J., concur.