EUGENE L. WALDO et al., Co-partners under the Firm Name of WALDO & MCKELVEY, Respondents, v. FEDOR SCHMIDT, Individually and as Surviving Partner of REMY, SCHMIDT & PLEISSNER, Appellant.

Appeal — what should appear in notice of appeal where inter-
          locutory judgment is sought to be reviewed.

When an appellant seeks to review an interlocutory judgment he should give notice in his notice of appeal of his intention to review the determination of the Appellate Division affirming such interlocutory judgment, and cause the judgment of the Appellate Division to be returned

with the record so that it can be reviewed by this court. An appeal in form as from an interlocutory judgment entered in the trial court does not bring up for review an affirmance of such judgment by the Appellate Division. Reported below, 132 App. Div. 929.

(Argued March 14, 1910; decided March 22, 1910.)

MOTION to dismiss an appeal from an interlocutory judgment of Special Term, entered June 18, 1907, brought up for review in connection with an appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 31, 1909, affirming a final judgment in favor of plaintiff entered upon the report of a referee.

The motion was made upon the ground that the interlocutory judgment mentioned was, on a separate appeal therefrom, affirmed by the Appellate Division, but that there was no mention of the order of affirmance in the notice of appeal.

*Clarence De Witt Rogers* for motion.

*Martin L. Stover* opposed.

HAIGHT, J.   It is not our practice to entertain motions to dismiss appeals in part or to determine the precise questions brought up for review in advance of the argument of the case.   We have thought it wise, however, in this case to call attention to the defect in the appellant's practice, as it may facilitate the final disposition of the case.   It appears from the moving affidavits that, upon the trial of the action before the court, an interlocutory judgment was ordered, which was entered on the 17th day of June, 1907, under which a referee was appointed to take and state an account.   That thereupon an appeal was taken from the interlocutory judgment to the Appellate Division, which resulted in a judgment of affirmance.   It further appears that an accounting was then had before the referee, upon which final judgment was entered, and an appeal taken then to the Appellate Division, where the judgment was affirmed, and then an appeal was taken to this court, in which the appellant gives notice that he intends to bring up for review the interlocutory judgment entered on the 17th day of June, 1907, but does not include in the notice

an intent to review the judgment of the Appellate Division affirming the same, nor does he include that judgment in the record filed in this court for review.

The appeal appears to have been taken pursuant to the provisions of section 1350 of the Code of Civil Procedure, the concluding paragraph of which is as follows : " If an appeal is taken, to the Court of Appeals, from the determination of the Appellate Division upon the appeal from the final judgment, *the determination of the Appellate Division, affirming the interlocutory judgment* \* \* \* may, at the election of either party, be reviewed thereupon."

In the case of *Rich* v. *Manhattan Ry. Co.* (150 N. Y. 542) it was determined that " the election of either party " as provided for in section 1350 of the Code, in so far as it applies to the appellant, must be made by including in the notice of appeal a notice of intention to review the interlocutory judgment, pursuant to the provisions of section 1316 of the Code. Under section 190 of the Code of Civil Procedure the jurisdiction of the Court of Appeals in civil actions and proceedings is confined " to the review, upon appeal, of the actual determinations made by the Appellate Division of the Supreme Court," etc. Again, referring to the clause of section 1350 quoted, it will be seen that it is " the determination of the Appellate Division affirming the interlocutory judgment " that may be reviewed. It consequently is apparent that, if the appellant sought to review the interlocutory judgment, he should have given notice in his notice of appeal of his intention to review the determination of the Appellate Division affirming such interlocutory judgment and cause the judgment of the Appellate Division to be returned with the record so that it could be reviewed by this court. Following our usual practice, however, we decline to make any order dismissing the appeal in part in advance of the argument of the case on appeal, and, therefore, the respondents' motion should be denied, but without costs.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Motion denied.