(139 App. Div. 589.)

## WALDO et al. v. SCHMIDT.

(Supreme Court, Appellate Division, First Department.   July 7. 1910.)

1. APPEAL AND ERROR (§ 422*)—NOTICE OF APPEAL—AMENDMENT—JURISDIC-
TION OF COURT.

Under Code Civ. Proc. § 1303, providing that the court in or to which
an appeal is taken may permit an amendment to be made, the court at
Special Term is not authorized to amend a notice of appeal from an or-
der or judgment of the Appellate Division.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2149;
Dec. Dig. § 422.*]

2. APPEAL AND ERROR (§ 422*)—NOTICE OF APPEAL—TIME FOR AMENDMENT.

Where an interlocutory judgment of a Special Term had been affirmed
by the Appellate Division, and subsequently a final judgment was enter-
ed which on appeal to the Appellate Division was affirmed and an appeal
taken to the Court of Appeals, and the notice of appeal stated that ap-
pellant intended to "bring up for review the interlocutory judgment and
every part thereof made in this action" on a given date, the amendment
of the notice, to the effect that appellant intends to bring up for review
the interlocutory judgment and every part thereof, the order of the Ap-
pellate Division affirming such interlocutory judgment, and also the judg-
ment of the Appellate Division, was improperly allowed after the time had
expired for taking an appeal, as allowing such amendment would in ef-
fect extend the time within which to take an appeal from the order of
the Appellate Division, affirming the interlocutory judgment; the pow-
er to correct irregularities given in Code Civ. Proc. §§ 723, 724, 1303, not
being sufficient to cover such an irregularity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2149;
Dec. Dig. § 422.*]

Appeal from Special Term, New York County.

Action by Eugene L. Waldo and another against Fedor Schmidt.
Judgment was given for plaintiffs, and defendant appealed to the Ap-
pellate Division, where the judgment was affirmed.   132 App. Div.
929, 117 N. Y. Supp. 1149.   Defendant then appealed to the Court
of Appeals and moved at Special Term to amend the notice of appeal,
which motion was granted, and plaintiffs appeal from that order.   Re-
versed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
LAUGHLIN, and DOWLING, JJ.

Clarence De Witt Rogers, for appellants.
Martin L. Stover, for respondent.

McLAUGHLIN, J.   On the 17th of June, 1907, an interlocutory
judgment in favor of the plaintiffs was entered in this action, from
which an appeal was taken to this court, where the same was affirmed
by an order dated the 7th day of February, 1908 (124 App. Div. 919,
108 N. Y. Supp. 1149), and a judgment dated February 13, 1908.   A
final judgment was thereafter entered in favor of the plaintiffs, from
which an appeal was also taken to this court, where the same was
affirmed.   132 App. Div. 929, 117 N. Y. Supp. 1149.   Defendant then
appealed to the Court of Appeals.   The notice of appeal stated that:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The defendant intends to bring up for review the interlocutory judgment and every part thereof made in this action, dated the 17th day of June, 1907. * * * "

Thereafter the plaintiffs moved in the Court of Appeals to dismiss the appeal in so far as it relates to the interlocutory judgment, since that court could review only the determination of the Appellate Division, and the notice did not specify either the order or judgment of the Appellate Division affirming the interlocutory judgment. The Court of Appeals, while denying the motion on other grounds, took pains to point out the correct practice; Haight, J., saying:

"It consequently is apparent that, if the appellant sought to review the interlocutory judgment, he should have given notice in his notice of appeal of his intention to review the determination of the Appellate Division affirming such interlocutory judgment and cause the judgment of the Appellate Division to be returned with the record so that it could be reviewed by this court." 198 N. Y. 193, 91 N. E. 521.

After this decision of the Court of Appeals, the defendant moved at Special Term to amend the notice of appeal theretofore served by substituting in place of the words above quoted the following:

"And upon said appeal the defendant intends to bring up for review the interlocutory judgment and every part thereof made in this action, the order of the Appellate Division affirming such interlocutory judgment dated the 7th of February, 1908, and also the judgment of the Appellate Division, First Department, dated the 13th day of February, and filed on the 15th day of February, 1908, affirming said interlocutory judgment."

The motion was granted; the order directing that the notice of appeal be amended nunc pro tunc as of June 8, 1909, the date of the original notice, that the defendant be allowed to file and serve such amended notice within five days as of the same date, that the record on appeal to the Court of Appeals be amended so as to include the order and judgment of affirmance of the Appellate Division, and that the clerk make and certify to the Court of Appeals an additional return containing true copies of these papers and the amended notice of appeal, together with a copy of the order. The plaintiffs appeal from the order.

I am of the opinion that the order appealed from should be reversed, first, because the Court at Special Term did not have the power to amend a notice of appeal from an order or judgment of the Appellate Division. A motion for that purpose has to be made to the Court of Appeals or to the Appellate Division. The language of the section of the Code of Civil Procedure which permits an amendment of that character (section 1303) is that:

"The court, in or to which the appeal is taken, * * * may, in its discretion, permit * * * an amendment to be made, * * * "

The words "the court in" obviously refer to the court which makes the order or renders the judgment, which, in the present case, is the Appellate Division. In Bulkley v. Whiting Mfg. Co., 136 App. Div. 479, 121 N. Y. Supp. 159, recently decided, this court held, where it was sought to amend a notice of appeal to the Court of Appeals from a judgment of the Appellate Division, that the Court at Special Term

was without jurisdiction.   Mr. Justice Laughlin, who delivered the opinion, said:

"We think the court at Special Term was without jurisdiction to amend the notice of appeal to the Court of Appeals."

The reasons which led the court to adopt this view are set forth in the opinion, and it is therefore unnecessary to state them again.

Next, the order should be reversed because when the amendment was made the time to appeal from the judgment and order of the Appellate Division had expired.   If I am correct in this, then neither the Court of Appeals nor the Appellate Division had power to amend the notice of appeal so as to include a reference to the interlocutory judgment omitted therefrom because such amendment, in effect, would extend the time to appeal.   Hoffman v. Manhattan Railway Co., 149 N. Y. 599, 44 N. E. 1124; Dick v. Livingston, 41 Hun, 455; Patterson v. McCunn, 38 Hun, 531.   The original notice of appeal, it is true, did contain a reference to the interlocutory judgment of the Special Term, and it is urged this sufficiently indicated an intention to bring up for review in the Court of Appeals the determination of the Appellate Division affirming such judgment, and for that reason, under the general power of the court to correct irregularities (sections 723, 724, 1303, Code Civ. Proc.), the amendment should be allowed in the interest of justice.   If the judgment of the Appellate Division had been erroneously described in the notice, this might be done; but the notice described perfectly the judgment of the Special Term without mentioning or referring, in any way, to the judgment of the Appellate Division affirming the same.   This judgment was separate and distinct from the one described, and it has been uniformly held, so far as I am aware, that a notice of appeal cannot be amended after the time to appeal has expired so as to include a determination not specified in the original notice.   Fejdowski v. D. & H. Canal Co., 168 N. Y. 500, 61 N. E. 888; Steamship Richmond Hill Co. v. Seager, 160 N. Y. 312, 54 N. E. 574; Lavalle v. Skelly, 90 N. Y. 546; Fry v. Bennett, 16 How. Prac. 385.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

SCOTT and DOWLING, JJ., concur.   INGRAHAM, P. J., and LAUGHLIN, J., concur on ground stated first.