[Civ. No. 3645. Second Appellate District, Division One.—June 3, 1921.]

## CLARA L. SMITH et al., Respondents, v. JOHN BORGH, Appellant; GEO. J. BACH, Respondent.

[1] APPEAL—SUFFICIENCY OF RECORD—GOOD FAITH OF APPELLANT— DENIAL OF MOTION TO DISMISS.—Where the record on appeal is properly certified and is at least sufficient to show an appeal made in good faith, upon grounds relied upon by the appellant, a motion to dismiss the appeal, based upon the contention that an examination of the transcript and bill of exceptions discloses the fact that the appellate court cannot consider the questions raised by those exceptions, will be denied.

MOTION to dismiss an appeal. Denied.

The facts are stated in the opinion of the court.

C. C. Pease for Appellant.

F. C. Blood and Sweet, Stearns & Forward for Respondents.

CONREY, P. J.—This is a motion by the plaintiffs to dismiss the appeal of defendant Borgh. The notice of appeal was directed to appellant's codefendant as well as to the plaintiffs. An appeal by the plaintiffs from the same judgment is pending in this court. By stipulation between the attorney for plaintiffs and the attorney for appellant Borgh, it was agreed that the record or transcript of the judgment-roll and of the records of this cause served and filed by the plaintiffs in their appeal, shall constitute the transcript or records of same for the purposes of the appeal of Borgh. That transcript is on file in the other appeal (*post*, p. 63, [199 Pac. 1106]). Appellant Borgh, desiring to present a further record by a bill of exceptions, obtained from the attorney for plaintiffs, but not from defendant Bach or his attorneys, a stipulation extending the time for presenting the bill of exceptions, and thereafter the bill of exceptions was allowed and settled by the judge in accordance with the consent thereto of the attorneys for plaintiffs.

[1] The plaintiffs now contend that the appeal should be dismissed because only two questions are raised by the exceptions, and because an examination of the transcript and bill of exceptions discloses the fact that this court cannot consider either of the questions raised by those exceptions. One of those exceptions is stated to be "refusal of the court to hold that this action is barred by the judgment entered in action No. 24257." It is a sufficient answer to this motion that the answer of appellant Borgh, as shown in the judgment-roll, pleaded the judgment entered in said former action as a bar to the present action; and that the findings of fact do not refer to that defense. The bill of exceptions contains matters pertinent to that issue, which will require consideration when we consider the appeal on its merits.

Counsel for plaintiffs argue that the interest of the defendant Bach being adverse to the interest of defendant Borgh in this action, the bill of exceptions must be disregarded because Bach was not a party to the stipulation purporting to extend beyond the statutory period the time for serving and filing such bill of exceptions. But the question as to whether or not Borgh and Bach were joint obligors to the plaintiffs, and the question whether or not for that reason the interest of Bach is adverse to the interest

of Borgh in this appeal, are matters which likewise should be considered when we come to the merits of the appeal.

The record is properly certified and is at least sufficient to show an appeal made in good faith, upon grounds relied upon by appellant. Therefore, the motion to dismiss is denied.

Shaw, J., and James, J., concurred.