## HALL OIL CO. v. BARQUIN
(No. 1041; Decided October 25, 1921; 201 Pac. 160)

Appeal and Error—Assignment of Errors—Bill of Exceptions—Petition in Error—Motion to Dismiss Proceedings in Error.

1. A paragraph in a petition in error alleging error of the trial court in rendering judgment for defendants in error and describing the judgment, though insufficient as an assignment of error may be considered as a continuation of the formal part of the petition describing the judgment as required by Supreme Court Rule 10.

2. The object of an assignment of errors is to point out the specific errors claimed to have been committed by the court below in order to enable the reviewing court and opposing counsel to see on what points appellant or plaintiff in error intends to ask a reversal of the judgment or decree, and to limit discussion to those points.

3. A bill of exceptions when properly allowed, signed and filed becomes a part of the record and can only be corrected or amended by the court where the record was made. No such power is vested in the appellate court.

4. Under Supreme Court Rule 13 (104 Pac. xiii) each matter presented by a motion for new trial is sufficiently questioned by an assignment of error in over ruling such motion and may itself involve questions determinable only on the merits, hence the sufficiency of such an assignment cannot be raised by motion to strike it from the petition in error or to strike portions of the bill of exceptions and amend the bill.

Error to the District Court of Fremont County, Hon. Ralph W. Kimball, Judge.

Action by James Barquin and another against Hall Oil Company and others. There was a judgment for defend-

ants and plaintiffs bring error.   Heard on motion to strike
assignments of error from the petition, to dismiss and to
strike motions and rulings from the bill of exceptions and
correct the bill.   No briefs were filed by either party.

*John D. Clark* and *Hagens & Murane,* for plaintiffs in
error.

*John J. Spriggs,* for defendants in error.

POTTER, Chief Justice.

This cause is here on error, and has been heard on a mo-
tion of defendants in error expressing several objects which
may be grouped and stated as follows:   1. To strike from
the petition in error each assignment of error and dismiss
the proceedings.   2.   To strike from the bill of exceptions
certain motions and the recital of the ruling and order upon
each of them and the exception thereto.   3.   To correct the
bill in certain other particulars.

It appears from the record that the action was brought
in the court below by the defendants in error as plaintiffs
against the four parties named as plaintiffs in error as de-
fendants for the recovery of money as damages for alleged
trespasses upon land, that there was a jury trial in said
court resulting in a verdict on December 1, 1920, against
three of the defendants for a stated sum as compensatory
damages, and against each of said three defendants sep-
arately a further stated sum as punitive damages, and that
on December 11, 1920, judgment was rendered upon said
verdict against each of the said three defendants.   It fur-
ther appears that on December 2, 1920, said defendants
filed a motion to set aside said verdict, stating as grounds
therefor:   1.   That the verdict for punitive or exemplary
damages is not supported by sufficient or any evidence.
2.   That the verdict for such damages is excessive and not
justified upon any theory of the case.   3.   That the verdict
for compensatory damages is not supported by the evidence
and is excessive.   4.   That the verdict was received in the
absence of said defendants and their attorneys, and the jury

was discharged without an opportunity for defendants to have the jury polled. And by said motion it was further moved that an order be entered reserving the case for further argument and consideration and that the entry of judgment be withheld for that purpose. That on said second day of December, upon the suggestion of defendants, it was ordered that judgment be not entered until the further order of the court. That on December 11, 1920, said motion to set aside the verdict was overruled, which ruling was excepted to by defendants; said motion being referred to in the order overruling it as a motion ''to set aside the verdict and for judgment notwithstanding the verdict.'' That on the last mentioned date also, the said three defendants filed separate motions for a new trial, with affidavits in support of the 5th ground, each stating in substance, as grounds therefor: 1. Excessive damages appearing to have been given under the influence of passion and prejudice. 2. Error in amount of recovery, same being too large. 3. That the verdict and decision is not sustained by sufficient evidence and is contrary to law. 4. Errors of law occurring upon the trial and excepted to at the time by said defendants (the said alleged errors being separately specified and relating to the admission and exclusion of evidence, and the giving and refusing of instructions.) 5. Misconduct of the jury and error of law materially affecting the substantial rights of defendants in this, that the jury did not base its verdict as to punitive damages upon evidence, but assessed such damages erroneously upon the basis of the wealth of defendants and a misunderstanding of the court's instruction upon the matter. And that on December 31, 1920, each of said separate motions for new trial was overruled, to which ruling the said defendants and each of them excepted. The motions aforesaid are embraced in the bill of exceptions, together with the said rulings thereon respectively and the exceptions thereto.

The three defendants against whom the judgment was rendered have filed in this court in the same proceeding for the review of said judgment separate petitions in error, but

they are alike in form and substance, and may be referred to in the singular for the purpose of this discussion; and they are so referred to in the motion under consideration, for it mentions only "the petition in error," though no doubt intended to apply to each of the separate petitions in its attack upon the assignments of error.

The petition in error contains, in effect, only two assignments of error, the first alleging as error the overruling of the motion for new trial filed on December 11, and the second the overruling of the motion to vacate the verdict filed on December 2. And said motions with the recital of the rulings thereon and the exceptions to said rulings respectively, constitute the matter which the defendants in error, by their motion, seek to have stricken from the bill of exceptions. Said assignments of error are numbered respectively 2 and 3, and they are preceded by a paragraph numbered 1, which alleges that the court erred in entering judgment for defendants in error and against the plaintiff in error, and describes the judgment by stating it was made and entered on the 11th day of December, 1920, and otherwise identifying it. The defendants in error have understood that paragraph as the first assignment of error, and it is included in the motion to strike, though not on different grounds but for the same reasons that are stated for striking the paragraph numbered two and referred to as the second assignment, and it is not challenged as indefinite or insufficient in form or substance.

If that paragraph was intended as an assignment of error we think it insufficient as such, for it states no proposition or point to be considered in determining whether or not there was error in rendering or entering the judgment, and does not specify or refer to any particular ruling relied upon as error to reverse the judgment. The object of an assignment of errors "is to point out the specific errors claimed to have been committed by the court below, in order to enable the reviewing court and opposing counsel to see on what points appellant or plaintiff in error intends to ask a reversal of the judgment or decree, and to limit dis-

cussion to those points." (3 C. J. 1329, § 1461.) And it should directly and clearly allege error or errors of the trial court, and point out definitely and specifically the particular error or errors relied upon (id. 1357, § 1504.) But we would not be inclined to strike the paragraph from the petition in error upon the ground of its insufficiency as an assignment of error, even if it might be proper, upon motion and on that ground, to strike from a petition in error, one among several paragraphs or clauses assigning error, a point which we need not decide. For said first numbered paragraph in error may properly, in our opinion, be considered as a continuation of the formal part of the petition preceding the specific assignments of error, alleging error generally in the proceedings and describing the judgment to be reviewed. That judgment is not described elsewhere in the petition, and without such a description the petition would fail to comply with our rules requiring that a petition in error shall set forth each of the errors complained of, describing with reasonable certainty the cause wherein the errors are alleged to have occurred, and the judgment or final order to be reviewed. (Rule 10; Commisioners v. Shaffner, 10 Wyo. 181, 68 Pac. 14; Riordan v. Horton, 16 Wyo. 363, 94 Pac. 448.) And since the petition in error contains in succeeding paragraphs assignments of error sufficient in form and substance, to which, and to which only, the points in the brief of plaintiffs in error are referrable, it does not seem unreasonable to consider the paragraph aforesaid as above stated, whether or not it was intended also as an assignment of error. The motion as to that paragraph need not, therefore, be further considered.

The motion to strike the two paragraphs of the petition clearly intended to assign error is not based as to either upon the ground that they are insufficient in form or substance, but upon the ground, to state it generally, that they present no question that can be considered by this court. And the argument in support thereof is, in substance, that the motion for a new trial filed on December 11, the overruling of which is assigned as error in the second numbered

paragraph of the petition, was improperly filed, for the reason that, although filed within ten days after the verdict and therefore within the period allowed for filing a motion for new trial, it was, in effect, a second motion for a new trial not authorized by the statute; it being contended in that connection that the previous motion filed on the second day of December to set aside the verdict constituted a motion for new trial preventing the filing of a second motion on grounds not stated in the first motion; and, further, that the error, if any, in overruling the first motion assigned as error in the third numbered paragraph of the petition in error is waived, for the reason that it is not relied on in the brief, and, if we correctly understand the argument in another particular as to that motion, that the grounds therein stated challenging the verdict for excessive damages are insufficient under the statute because failing to allege that such damages were given under the influence of passion or prejudice. It may be stated here also that the motion, so far as it seeks to strike said motions to vacate the verdict and for a new trial from the bill is based upon the same grounds, and supported by the same argument, upon the theory, apparently, that if either motion was properly overruled for the reason or reasons suggested, or any ground thereof waived, it should be stricken from the bill, together with the recital of the ruling thereon and the exception. Thus the motion to strike the motions, rulings and exceptions from the bill is not independent of the motion to strike the assignments of error from the petition, but seem to be intended in aid of the latter purpose by eliminating from the record the rulings upon which error is assigned. Of course that would not be necessary to accomplish the said primary purpose of the motion, even if it would be proper for this court to strike the matter mentioned from the bill.

But that would not be proper, whatever be the merits of the motion of defendants in error in other respects. The regularity of the presentation, settlement and allowance of the bill of exceptions is not challenged by the motion, and

it appears to have been timely presented, duly and regularly allowed and properly filed. It ought not to be necessary to cite authority to show that a bill of exceptions regularly allowed and filed in the trial court cannot be amended, corrected or in any manner changed by this, the appellate court. But it was said in Commissioners v. Shaffner, 10 Wyo. 181, that an objection that the recitals of a bill of exceptions are not true is not maintainable in this court, since a bill is to be settled in the trial court and not here. And in Callahan v. Houck, 14 Wyo. 201, 83 Pac. 372: "When the bill of exceptions is signed by the trial judge and filed, it then becomes a part of the record, and can only be amended or corrected in the manner provided by law for the amendment or correction of any other part of the record, * * * Since the bill of exceptions when signed and filed becomes a part of the record, it can only be corrected or amended by the court where such record was made. No such power is vested in the appellate court." And in LeClair v. Hawley, 17 Wyo. 222, 98 Pac. 120, we said: "A bill of exceptions, like any other record, appearing to be regular on its face, imports absolute verity, and is not impeachable in the appellate court by any evidence outside the record itself. * * * This court has no control over the records of any inferior court except in the exercise of its appellate or supervisory jurisdiction. It cannot settle a bill of exceptions taken upon a trial or proceeding in a district court, nor amend or correct one allowed in such court."

The bill recites that the motions above referred to, set out in full therein, were each filed and overruled, and the ruling excepted to, and also the date of the filing of each motion and the ruling thereon. It thus constitutes a record of these facts and that was its purpose. It is provided for by statute for that purpose; and this court has no power to strike any part of it, the effect of which would be to make a record different from that made in the trial court. Under our statute and rules of practice neither of the motions aforesaid are part of the record unless embraced in a

bill of exceptions, and nothing which could have been properly assigned as ground for a new trial will be considered in this court, unless it appears that the same was properly presented to the court below by a motion for a new trial, that such motion was overruled and exception at the time reserved to such ruling, all of which must be embraced in the bill of exceptions. If it be claimed that the motion appearing in a bill was not filed in time, or was insufficient for any reason to present any matter or ground for a new trial, and was, therefore, properly overruled, that can be insisted upon in this court at the proper time, but it constitutes no reason for striking the motion or the ruling and exception from the bill of exceptions embracing such matters.

What has been said is sufficient also to dispose of other parts of the motion under consideration, not above referred to, asking this court to strike out certain paragraphs of the motion for new trial stating grounds therefor. As indicated by the above general statement of the grounds of the motion to strike the assignments of error, it is sought thereby to have matters considered and determined that might properly be considered in disposing of the cause upon its merits. The general question upon the merits must be, in view of the specific errors assigned, whether or not the trial court erred in overruling either or both of the motions, above mentioned, and referred to respectively in the second and third numbered paragraphs of the petition in error. It is provided by our rules (Rule 13) that each matter presented by a motion for a new trial shall be sufficiently questioned in this court, on error, by an assignment that the court below erred in overruling such motion. As to such a motion, therefore, where the adverse ruling thereon is assigned as error, all the grounds presented by the motion may be insisted upon and considered by this court in a proceeding in error; and it may involve the question whether the motion was filed in time, or whether a particular ground of the motion is based upon a proper exception, or is sufficiently stated, or states a cause for

which a new trial may be granted under the statute, if found to be supported by the facts, or, generally, whether for any reason the motion was properly overruled. And these are questions proper to be considered upon a submission of the cause upon its merits. And that the questions now presented by the motion to strike the assignments of error and dismiss the proceeding might be presented and considered for the disposition of this cause upon the merits seems to be conceded. For it was stated in argument by counsel for defendants in error that the purpose of the motion is to eliminate certain questions from further consideration by having them disposed of by a decision upon the motion. And it was argued in opposition thereto that the motion was prematurely seeking a decision disposing in part, if not wholly, of the merits of the cause.

Where the record of a cause has disclosed that there was no motion for a new trial, or that no such motion was shown by a proper bill of exceptions, and it appeared that the question or questions submitted for determination here could not be considered in the absence of a motion for a new trial, the overruling thereof, and an exception thereto, embraced in a proper bill of exceptions, it has been our practice to dismiss the cause upon motion. But we have not gone so far as suggested by the motion in this case, which, as it seems to us, would result in disposing of the cause partially at least upon the merits. Nor has such a practice found favor with the courts. (4 C. J. 602, Sec. 2426.)

In Waldo v. Schmidt, 198 N. Y. 193, 91 N. E. 521, the court said: "It is not our practice to entertain motions to dismiss appeals in part to determine the precise questions brought up for review in advance of the argument of the case." A motion to dismiss on the ground, first, that the court has no jurisdiction, and, second, that the record presents only questions of fact for the court's consideration, where it was assigned as error that there is no evidence to support the finding and judgment, and the record showed a motion for new trial made and overruled, and an exception to the ruling, was disposed of in Edwards v. Grif-

fiths, 48 O. St. 664, 31 N. E. 742, by the court saying that whether the evidence supported the finding and judgment is a question of law and not of fact, that jurisdiction in a proceeding in error does not depend upon the merits of the assignments, and: "Whether the assignments are well taken or not, in no way affects the jurisdiction of the court to hear and determine them; and hence their sufficiency cannot be raised by a motion to dismiss on the ground of a want of jurisdiction." And in Kershner v. Trinidad Mill & Min. Co., (N. M.) 189 Pac. 658, the court denied a motion to strike assignments, saying:

"The attack upon the assignments is in the form of a motion to strike them from the files. We do not think this motion sufficient to search the record and to present the proposition that the error complained of had not been saved in the lower court, or that the evidence was considered by the court, or that there was not other substantial evidence to support the findings. Whether a demurrer or an exception would be a proper method of reaching such a question it is not necessary for us to determine in this case. But we feel free to say that a more satisfactory method of procedure is to take up the assignments as they are presented in the briefs, and there point out the fact that the error complained of in the assignment has not been properly saved in the court below, or is otherwise not available."

In Blaisdell v. Steinfeld, 15 Ariz. 155, 137 Pac. 555, where the cause appears to have been heard on the merits and also upon a motion to dismiss, the court, referring to the fact that the motion was, in part, to strike certain of the assignments of error, said:

"The practice of striking assignments that fail to conform with the rules of the court or with law has never been recognized by this court. According to rule 8 of the rules of this court, 'an objection to the ruling or action of the court below will be deemed waived in this court, unless it has been assigned as error, in the manner' provided by the rules. An assignment so defective as to raise no question for this court to decide is as if no assignment had been

made or attempted to be made, and any objection to the ruling or action of the trial thus made 'will be deemed waived.' No motion to strike is necessary, but objection may be made by calling the attention of the court to the defective assignment.''

In a recently reported California case, (Smith v. Borgh, 199 Pac. 1108), a motion to dismiss on the ground that the record disclosed that neither of the two questions raised by the exceptions could be considered by the court was denied, the court holding that the points made by the motion were matters to be considered in disposing of the appeal upon its merits.

In support of the motion to strike the so-called second assignment of error, which complains of the ruling upon the motion for a new trial filed on December 11, counsel relies upon the statement in Section 2727 of Thompson on Trials (2nd Ed.) that ''it has been held that, after an adverse decision of a motion for a new trial, the moving party has no right to file another motion, for the matters embraced in the motion have become *res adjudicata*,'' and decisions cited which, it is claimed, establish a rule to that effect. But it is said in the same section that ''while a secon motion cannot be made on the same ground, it may be made on a different ground, not known or knowable until the original motion was ruled upon, or where good reasons are shown for not incorporating the ground in the first motion.'' And it appears in this case that one of the grounds of the later motion not contained in the first, is misconduct of the jury with respect to the assessment of punitive damages, in support of which affidavits were filed with the motion for the purpose, apparently, of showing that the jury acted upon a misunderstanding of the court's instruction as to the rule or basis for assessing such damages. We are not disposed at this time to enter upon a consideration of that question, or the question as to the right to file the second motion on that or any other ground, but we refer to it merely as suggesting a matter which might require consideration in determining whether all the

grounds of the motion were known or knowable, so as to prevent their inclusion in a second motion, if the first motion should be held to have been in legal effect a motion for a new trial, as to which counsel disagree, and it should be held also that a second motion for a new trial is forbidden or not authorized by the statute, which we do not understand to be conceded.

Upon a consideration of the merits of the appeal, however, it may be found unnecessary to consider any of those questions, or even the point challenging the second motion as improperly filed; and, therefore, so far as we can now say, it is possible that a consideration of the questions presented in support of the motion to strike and dismiss, without waiting for a hearing upon the merits, might involve a determination of matters not necessary to a final disposition of the cause upon this proceeding in error. And that may be said also with respect to the points made against the first motion filed on the second day of December.

We think it incontestable that a consideration of the questions now presented as to the two motions aforesaid must involve a consideration of the merits of the cause upon the proceeding in error, for the motion to strike and dismiss does not attack the proceeding as insufficient to invoke the jurisdiction of this court to review the judgment upon the errors assigned, or that the record contains nothing upon which the alleged errors can be considered. But what the court is really asked to do by said motion is to consider the assigned errors and the rulings complained of, for the purpose of determining whether or not said rulings were proper and should be sustained upon the grounds suggested by and in support of the motion. And while those grounds relate to matters of procedure in the court below, they would, if now considered, require a decision either sustaining the rulings or declaring one or both of them not sustainable upon the suggested grounds alone; and in the latter contingency the cause would remain here for further consideration of the same assignments of error, or, at least, of the one not finally disposed of by the decision. By the same

course of procedure the court might be called upon in any case to grant several hearings upon the merits, the number of points to be considered at any one hearing to rest entirely within the desire and control of the moving party. We are not inclined to adopt any such practice.

A consideration of the questions now presented by the motion might require an examination of the brief of plaintiffs in error to ascertain whether or not any ground of their first or second motion had been waived, as well as a consideration of the several grounds of the first motion, if not the second, to determine whether any statutory ground for new trial was stated therein, or any ground relied on in the brief sufficient to require a setting aside of the verdict. Whatever the power of the court to determine any such question at this stage of the proceeding upon the motion to strike and dismiss, or however advantageous it might be to the moving party to have a partial decision of the cause at this time, we think it clear that the better practice is to require that the objections now urged against the assignments of error be presented at a hearing upon the merits, when all the pertinent questions can be considered. The points made in support of the motion are not strictly grounds for dismissal, but suggest matters for consideration in adjudging an affirmance or reversal of the judgment.

The concluding part of the motion, above referred to as moving to correct the bill of exceptions in certain particulars is sufficiently answered by what has been said as to the absence of power in this court to correct or amend a bill.

For the reasons aforesaid the motion will be denied.

*Motion denied.*

BLUME, J., concurs.  KIMBALL, J., did not sit.