[No. 2344.  Decided March 17, 1897.]

THE STATE OF WASHINGTON on *the Relation of Rees P. Daniels et al., Appellants,* v. WILLIAM PROSSER *et al., Respondents.*

DISMISSAL OF APPEAL — TERMINATION OF CONTROVERSY.

Where the only question involved upon an appeal in a proceeding in *quo warranto* is as to which of two boards of trustees and sets of officers were the rightful officers of a corporation, the term of office having expired prior to the appeal, the appeal will be dismissed on the ground that there are no material interests to be determined by the court.

Appeal from Superior Court, King County.—Hon. J. W. Langley, Judge.  Appeal dismissed.

*Arthur & Wheeler,* and *Battle & Shipley,* for appellants.

*Richard Winsor,* and *George E. Morris,* for respondents.

The opinion of the court was delivered by

Scott, C. J.—This is a proceeding in *quo warranto,* brought to determine which of two rival boards of trustees and sets of officers of the Renton Co-Operative Coal Company were entitled to hold office.  The appeal was briefed and argued upon the merits, but the record discloses that the election in question was held in July, 1895, and that said officers were to con-

tinue in office only for the term of one year, which expired in July, 1896. The case was heard in the lower court and a judgment rendered before the expiration of said term, but the record in the appeal taken by the officers, against whom the court found, was not filed in this court until September of said year. Although the respondents have apparently sought to take no advantage of it, they call attention to the fact in their brief in the statement of the case, that the only question involved in this appeal is as to which of two defunct boards of trustees, etc., were the *de jure* officers of said company from July, 1895, to July, 1896.

While the examination we have given the record would probably result in an affirmance of the judgment, were the case decided upon the merits, we are of the opinion that the court ought not to enter upon the discussion and decision of the questions raised, when it does not appear that any material interests are involved. Even though the case should be reversed, it seems the only relief the appellants could get, would be simply the costs, the terms of the offices having expired. In such a case, where appellants desire a decision upon the merits, and especially where the appeal is perfected after the term of office has expired, they should make it appear, in some way, that there are material interests aside from the question of costs depending thereon. There is no such showing or claim in this instance. We are aware of no attempt to get an earlier hearing in this court, and the case seems to fall within the rule adopted in *State ex rel. Coiner v. Wickersham, ante,* p. 161, and in *Hice v. Orr, ante,* p. 163.

The appeal will therefore be dismissed.

Dunbar, Anders, Reavis and Gordon, JJ., concur.