[No. 2537.  Decided July 29, 1897.]

THE STATE OF WASHINGTON *on the Relation of Scottish-American Mortgage Company, Respondent,* v. GEORGE F. MEACHAM, *as Treasurer of the City of Seattle, Appellant.*

#### DISMISSAL OF APPEAL — CESSATION OF CONTROVERSY.

An appeal should be dismissed when the real controversy between the parties has ceased, as the appellate court will not hear and determine abstract questions of law, nor permit a mere question of costs to be litigated before it.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.  Appeal dismissed.

*John K. Brown,* and *F. B. Tipton,* for appellant.
*Hastings & Stedman,* for respondent.

Courts will not sit to determine mere abstract principles of law. *California v. San Pablo R. R. Co.,* 149 U. S. 314; *State v. Napton,* 25 Pac. 1045; *State, ex rel. Coiner, v. Wickersham,* 16 Wash. 161; *Hice v. Orr,* 16 Wash. 163.

Neither will the question of costs be litigated on appeal. *Russell v. Campbell,* 112 N. C. 404; *Monnett v. Hemphill,* 11 N. E. 230; *Washington Market Co. v. District of Columbia,* 137 U. S. 62.

The opinion of the court was delivered by

REAVIS, J.—Respondent commenced an action in the superior court of King county against the appellant as city treasurer of Seattle for mandamus to compel the latter to accept a certain sum named in full payment for certain street grade assessments and taxes assessed upon certain property in the city.  Respondent alleged that it had tendered the necessary money to the city treasurer to redeem

certain property which had theretofore been bid in by the city for delinquent taxes, under the terms of an ordinance of said city for redemption of such property. The city treasurer refused to accept the money for redemption, because the certificate of purchase held by the city had been sold and assigned under the terms of ordinance No. 3937 of the city to one William B. Taylor; and a tax deed had issued to Taylor, and the amount tendered by relator for redemption was less than the sum due to Taylor. Respondent demurred to the answer of appellant and the demurrer was sustained by the superior court. But there is a supplemental record filed here by respondent which shows that Taylor, the real party in interest, has settled the controversy with respondent, and that there is now no real controversy existing in this cause.

This state of facts disposes of the appeal. Courts will not hear and determine abstract questions of law; neither can this court permit a mere question of costs in a cause to be litigated here.

The appeal is dismissed.

SCOTT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.