[No. 3822. Decided February 7, 1901.]

ED. SETHER, *Plaintiff,* v. F. LEWIS CLARK *et al., Appellants,* FRED PHAIR, *Respondent.*

APPEAL — DISMISSAL — CESSATION OF CONTROVERSY.

An appeal from an order sustaining a demurrer to a cross complaint which seeks to enjoin one of the parties thereto from prosecuting another action involving the same subject matter should be dismissed on the ground of cessation of the controversy, where it appears that, prior to the sustaining of the demurrer, the two actions had been consolidated and would be tried as one cause.

SAME — ANTICIPATION OF ERROR — PRESCRIBING RULES FOR TRIAL COURT.

The supreme court will not lay down rules for the lower court in anticipation of error on the trial of a cause, but will confine itself to the review of errors, when committed.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Appeal dismissed.

*Graves & Graves,* for appellants.

*F. T. Post,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—The plaintiff, Sether, sued in equity to foreclose a mechanic's lien for a sum claimed to be due him for materials and labor furnished and performed upon a certain building erected by defendants Clark and Sweeny. His claim is based upon an employment by defendant Russell, who was employed by defendant Phair, the original contractor for the erection of the building upon which the lien was sought to be foreclosed. Russell thereafter filed a cross-complaint in the case, praying the foreclosure of a mechanic's lien for a sum claimed to be due him under his employment. The appellants Clark and Sweeny thereafter answered the original and cross complaint, alleging affirmative defenses to each of the complaints of Sether and Russell. Prior to the commencement of the Sether suit the respondent Phair had commenced an action at law against the appellants Clark and Sweeny alone, to recover damages for an alleged breach of the original contract for the erection of the building above referred to. Thereupon, after the suits above named had been filed, and on June 13, 1900, appellants filed a cross complaint in the case of Sether v. Clark *et al.,* praying for an injunction to prevent the respondent Phair from prosecuting his action at law, and requiring him to plead to the cross complaint of appellants and of Russell, and to plaintiff's complaint, to the end that final judgment may be entered, which shall adjudge and settle the rights of all the parties in one decree. Respondent Phair demurred to the complaint of appellants, and the demurrer was on October 4, 1900, sustained, the complaint dismissed, and an appeal taken

from that order. Prior to the hearing upon said demurrer, and on September 24, 1900, the court had made an order consolidating the said cause of Phair v. Clark et al. with said cause of Sether v. Clark et al. Motion is now made by respondent in this court to dismiss this appeal, for the reason that the action, before the appeal herein was taken, was consolidated by order of the superior court with the action pending in said court entitled Phair v. Clark et al., being the action the prosecution of which the appellants herein are by their cross complaint seeking to enjoin, the issues of which they seek by said cross complaint to have tried out in this case.

It clearly appears from the record herein that the two cases have heretofore been consolidated and will now be tried as one case. If we were now to consider this case upon its merits and reverse the order of the lower court sustaining the demurrer, the cause would be in no other position than it now is, and much confusion might be occasioned thereby. The controversy as to whether there may be more than one judgment or decree is now at an end; for under the consolidation there will be but one determination of all the matters in issue, and those issues will be determined by a decree which will establish the rights of all parties to the consolidated cases. The consideration of the appeal upon the merits would now serve no useful purpose. This case falls squarely within the rule announced by this court in *Hice v. Orr*, 16 Wash. 163 (47 Pac. 424); *State ex rel. Coiner v. Wickersham*, 16 Wash. 161 (47 Pac. 421); *State ex rel. Daniels v. Prosser*, 16 Wash. 608 (48 Pac. 262); and *State ex rel. Mortgage Co. v. Meacham*, 17 Wash. 429 (50 Pac. 52).

The appellants, in their reply brief, urge this court to establish a rule which shall guide the lower court in the method of trying the consolidated cause. We cannot as-

sume that the trial court may not follow the law applicable to the trial of the cause, and therefore shall not assume to lay down any rule which the court shall follow with reference thereto. When error is committed, this court will review it, but it will .not anticipate error.

The real controversy between the parties to this appeal having ceased, the appeal should be dismissed.

REAVIS, C. J., and DUNBAR, FULLERTON and ANDERS, JJ., concur.