[No. 4566.   Decided June 11, 1903.]

THE STATE OF WASHINGTON *on the Relation of Stephen Land, Appellant,* v. DAVID CHRISTOPHER *et al., Respondents.*

APPEAL — DISMISSAL — CESSATION OF CONTROVERSY.

Where the subject-matter of a controversy has ceased prior to judgment, by reason of the performance on the part of defendants of duties or obligations which the action was brought to de-

termine, no appeal will lie from such judgment merely for the purpose of determining the question of costs.

Appeal from Superior Court, Clallam County.—Hon. GEORGE C. HATCH, Judge. Appeal dismissed.

*A. A. Richardson,* for appellant.

*McClinton & McClinton,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This was an application by appellant for a writ of mandate to compel the respondents, as county commissioners of Clallam county, to canvass the returns of an election for road supervisor in road district No. 48 in said county. The superior court issued an alternative writ in the usual form, in accordance with the affidavit and motion of the appellant. The respondents interposed a demurrer to the affidavit and alternative writ on several grounds, which demurrer was by the court sustained. The relator elected to stand upon his affidavit and writ, and the trial court thereupon dismissed the proceeding at the cost of the relator. From that judgment the relator appealed.

The respondents move this court to dismiss this cause, and to affirm the judgment of the superior court, upon the grounds (1) that this court has no jurisdiction to render judgment in this particular cause, for the reason that there is no actual controversy involving any real or substantial rights between appellant and the respondents, and no subject-matter upon which any judgment of the supreme court can operate; and (2) that no actual controversy involving any real or substantial rights between the parties to this cause exists, or did exist herein at the time of the making and giving of the judgment of the superior court from which this appeal is prosecuted. This motion is well taken, and must therefore be sustained.

It is disclosed by the record herein that on November 13, 1902, and six days before the judgment complained of was rendered, the board of county commissioners, being then in regular session, duly canvassed the returns of the election for road supervisor held in road district No. 48 in said county on October 11, 1902, and did then and there find and declare that the appellant, Stephen Land, was elected supervisor of said road district at said election, and did then and there authorize and direct the auditor of said county to issue to the appellant a certificate of his election; that on November 13, 1902, and after the said election returns had been so canvassed, and while the said board was still in session, counsel for appellant was informed of said proceedings and the result thereof, and knew at the time of the dismissal of appellant's action, and also at the time the notice of appeal herein was served, that the said board of commissioners had canvassed the returns of said election, and had declared the appellant duly elected such road supervisor, and had ordered a certificate of election to be issued to him; that said certificate of election was duly issued to appellant on November 26, 1902, and that thereafter, on December 13, 1902, appellant duly qualified as such supervisor, by giving bond and filing the oath of office, as required by law.

It thus appears that the object of this proceeding had been attained, even before the judgment of the court below was rendered, and that there is now no real controversy existing in this cause, and therefore nothing to be determined by this court. And in such cases this court has frequently and uniformly held that a motion to dismiss the appeal must be granted. *State ex rel. Coiner v. Wickersham,* 16 Wash. 161 (47 Pac. 421); *Hice v. Orr,* 16 Wash. 163 (47 Pac. 424); *State ex rel. Daniels v. Prosser,*

16 Wash. 608 (48 Pac. 262); *State ex rel. Mortgage Co. v. Meacham,* 17 Wash. 429 (50 Pac. 52); *Watson v. Merkle,* 21 Wash. 635 (59 Pac. 484); *Sether v. Clark,* 24 Wash. 16 (63 Pac. 1106); *State ex rel. Taylor v. Cummings,* 27 Wash. 316 (67 Pac. 565). In *State ex rel. Mortgage Co. v. Meacham, supra,* this court said:

"Courts will not hear and determine abstract questions of law; neither can this court permit a mere question of costs in a cause to be litigated here."

The appeal is dismissed and the judgment affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR and MOUNT, JJ., concur.