[OCTOBER TERM]

## THE WESTERN ALFALFA MILLING CO. v. WORTHINGTON
(No. 1095, 1097; Decided Nov. 15, 1922; 210 Pac. 280)

## SAME v. DUNN

APPEAL AND ERROR—ASSIGNMENT OF ERROR—SUFFICIENCY OF PETITION IN ERROR—AMENDMENT.

1. A petition in error should describe with reasonable certainty the cause wherein the errors were alleged to have occurred and the judgment or final order to be reviewed.
2. A petition in error may, under Sec. 5707 C. S. 1920, be amended in furtherance of justice and made to comply with Supreme Court Rule 10 (104 Pac. XII) prior to the expiration of the statutory time for commencing proceedings in error when it is made to appear that the proposed amendment will describe the cause and judgment intended to be described by it as originally filed.

ERROR to the District Court, Platte County; HON. WILLIAM C. MENTZER, Judge.

*M. A. Kline, O. O. Natwick* and *Gillette & Clark,* for plaintiff in error.

*J. E. Jacobson* and *Kinkead, Ellery & Henderson,* for defendants in error.

The petitions in error, in each of the above cases, failed to describe to a certainty the causes wherein the errors were alleged to have occurred and the judgment sought to be reviewed. The attempted description of the judgments makes no reference whatever to the causes in the lower court and fails to identify either of them, and therefore, fail to comply with Rule No. 10 of this court. (Board of Comm'rs. v. Shaffner, 10 Wyo. 181, 68 Pac. 14; Hall Oil Co. v. Barquin (Wyo.) 201 Pac. 160; Farmers State Bank v. Bank, 140 Pac. 1150 (Okla.); Fitzpatrick v. Rogan, 197 Pac. (Wyo.) 565; Riordan v. Horton, 94 Pac. (Wyo.) 448.)

The proceedings in both cases should be dismissed.

Kimball, Justice.

The petitions in error in these two cases are in the same form. In each case the defendant in error has moved to dismiss the proceeding for the reason that the petition does not comply with Supreme Court Rule 10, which requires that a petition in error shall describe with reasonable certainty the cause wherein the errors are alleged to have occurred, and the judgment or final order to be reviewed. This provision of our rule has been noticed in the cases of Commissioners v. Shaffner, 10 Wyo. 181, 68 Pac. 14; Riordan v. Horton, 16 Wyo. 363, 94 Pac. 448; Fitzpatrick v. Rogan, 27 Wyo. 388, 197 Pac. 565, and Hall Oil Co. v. Barquin, (Wyo.) 201 Pac. 160.

The petition in error in case No. 1095, after the title of the proceeding, reads in part as follows:

"Comes now the above named plaintiff in error, and represents and shows to this Honorable Court, that on the 15th day of December, 1921, a judgment was made and entered by the District Court of the County of Platte, State of Wyoming, in favor of the above named defendant in error and against the above named plaintiff in error for the sum of $1412.59, and there was manifest error in the record of

the proceedings and judgment in said cause in the following respects, to-wit:—''

The assignments of error are then set forth. The plaintiff in error claims that the quoted paragraph, together with certain statements contained in the assignments of error, describes with reasonable certainty both the cause and the judgment. This we deem it unnecessary to decide. Plaintiff in error has asked leave to amend the petition in error by inserting in the proper place the title of the cause in the court below, and it is admitted that if this amendment be made the petition will then comply with the rule. As we are of opinion that the amendment should be permitted, we shall not inquire whether the petition might be construed as sufficient without it.

Amendments of petitions in error may be made pursuant to Section 5707, Wyo. C. S. 1920, which, with certain limitations not applicable here, authorizes the amendment of any pleading, process or proceeding. (Riordan v. Horton, supra; North Laramie Land Co. v. Hoffman, 27 Wyo. 271, 195 Pac. 988.)

In the case at bar the statutory time for commencing a proceeding in error for review of the judgment has not yet elapsed, and it is clear that the petition in error, when amended, will describe the same cause and judgment that were intended to be described by it as originally filed. In these circumstances we have no doubt that the amendment is in furtherance of justice.

In each case the motion for leave to amend will be granted; the amendment will be considered as made instanter, and the motion to dismiss will be denied.

Blume, J., and Riner, District Judge, sitting in place of Potter, Ch. J., who is ill, concur.