## JONES v. PARKER█

(No. 1492; April 9, 1928; 266 Pac. 128)

*George H. Paul,* for plaintiff in error.

242

*M. C. Burk,* contra.

*George H. Paul,* in reply.

*Per Curiam.*

February 28, 1928, we sustained motions to strike the bill of exceptions and to dismiss the proceeding. 264 Pac. 97. The proceeding was ordered dismissed because the petition in error alleged no error that could be considered in the absence of a bill of exceptions.

March 13, 1928, the plaintiff in error filed a petition for a rehearing on the motion to dismiss, and a motion for leave to amend the petition in error by omitting therefrom the assignment that the court erred in overruling the motion for a new trial, and inserting in lieu thereof the following assignments of error:

"1. Upon the admissions of the answer and on the face of the record the verdict and judgment should have been for the plaintiff.

"2. Under the provisions of Section 6287, C. S. 1920, the verdict is insufficient to support the judgment.

"3. The allegations of the cross petitions are insufficient in law to constitute any defense to the action or to support the verdict and judgment rendered therein."

These assignments of error are of the kind that may be reviewed without a bill of exceptions. A copy of the proposed amended petition in error is presented with the motion.

We may permit the amendment of a petition in error pursuant to Section 5707, Wyo. C. S. 1920. Milling Co. v. Worthington, 29 Wyo. 56, 210 Pac. 280, and cases cited.

In Riordan v. Horton, 16 Wyo. 363, 94 Pac. 448, the plaintiff in error was denied leave to insert a new assignment of error that in effect would have brought into the record matters which were not included within the original assignments of error. In that case, leave to amend was not asked until long after the expiration of the time within which an original petition in error could have been filed. In the case at bar the challenged judgment was entered June 2, 1927, and leave to amend is asked well within the year allowed by statute for commencing a proceeding in

error. It is at least not clear that a dismissal of her present proceeding in error would be with prejudice. Boner v. Fall River Bank, 25 Wyo. 260, 168 Pac. 726. Our attention is called to the fact that plaintiff in error's brief on the merits, filed February 4, is largely devoted to a discussion of the questions that will arise under the assignments of error now sought to be brought into the petition. In the circumstances, we think the order dismissing the action should be set aside, and leave to amend granted.

The offered amended petition in error may be filed by the clerk. The plaintiff in error will have no leave to file further brief. Defendant in error's time for serving and filing his brief will run from today. The order striking the bill of exceptions will stand.

*Dismissal vacated; leave to amend granted.*