# FRYER v. CAMPBELL

(No. 1832; January 16, 1934; 28 Pac. (2d) 475)

492

The motion to strike and dismiss was submitted on the brief of *Armstrong & Armstrong* and also argument by *Mr. L. E. Armstrong* of Rawlins.

For plaintiff in error in support of application for leave to file amended petition in error, the cause was submitted on the brief and oral argument of *Mr. N. R. Greenfield* and *Harold M. Johnson* of Rawlins.

RINER, Justice.

In this cause, the defendant in error has filed a motion to strike the bill of exceptions, to dismiss the review proceedings, and to affirm the judgment of the District Court of Carbon County. The grounds set forth in the motion and argued in support of it are, in substance, these: 1. That the petition in error, in assigning the errors relied on by the plaintiff in error, merely complains of the order of the trial court overruling the motion for a new trial filed in the district court, and does not comply with the requirements of Rule 10 of this court which, insofar as pertinent here, reads:

"The petition in error shall distinctly set forth each of the errors complained of, describing with reasonable certainty the cause wherein the errors are alleged to have occurred, and the judgment or final order to be reviewed."

2. That the bill of exceptions is not properly certified as containing all evidence in the case. 3. That the record in the cause is insufficient to invoke a review of the order or judgment involved. 4. That the abstract of record filed herein by the plaintiff in error is insufficient under Rule 37 of this court.

A hearing was had on this motion on November 14th last and, on the 22nd of that month, plaintiff in error filed an application for leave to file an amended petition in error. Briefs supporting and opposing this application have been presented by the

496

parties and, on December 9th last, their stipulation was filed waiving oral argument and submitting the matter for the court's decision.

An examination of the amended petition in error presented discloses that if it is allowed to be filed, the criticism suggested in the first ground of the motion, as stated above, will be without force as the defect—and it is a defect; see Fitzpatrick v. Rogan, 27 Wyo. 388, 197, P. 565—in the original petition in error will be cured. Should such filing be permitted in the circumstances of this case? It is apparent here that the period within which proceedings in error may be instituted to review the judgment in question has not yet elapsed and, under the previous decisions of this court, in The Western Alfalfa Milling Co. v. Worthington, 29 Wyo. 56, 210 P. 280, and Jones v. Parker, 38 Wyo. 241, 266 P. 128, we think that leave should be granted to file the amended petition in error. In Jones v. Parker, supra, entirely new assignments of error were allowed to be substituted by amendment, in lieu of an assignment admittedly without force, where the leave to amend was asked "well within the year allowed by statute for commencing a proceeding in error" and, it not being clear that a dismissal of the pending proceeding in error would be with prejudice.

The grounds of the motion numbered "2" and "3," supra, may be considered together, as they involve, in substance, the same matter. It is said that the certificate to the bill of exceptions signed by the trial judge is insufficient, in that it does not state that the bill contains all the evidence in the case, and Davis v. Minnesota Baptist convention, 45 Wyo. 148, 16 P. (2d) 48; Seng v. State, 20 Wyo. 222, 122 P. 631; Howard v. Bowman, 3 Wyo. 311, 23 P. 68, and other decisions of this court of similar import are cited. An

examination of all these cases will make it plain that the only requirement insisted upon by this court relative to the point urged here is that the fact that the bill of exceptions contains all the evidence must appear somewhere in the bill, whether this be in the body thereof or towards its close and shortly preceding the judge's signature. The so-called final certificate of the authenticating officer is a part of the bill and establishes the verity of its recitals. Perhaps this matter is in no .case made clearer than by Mr. Chief Justice Potter, in Boulter v. Cook, 31 Wyo. 373, 226 P. 447. In the case at bar, it is stated over the trial judge's signature that he signs the bill as a "true bill of exceptions." Among the recitals of the bill, following the court reporter's certificate, is the statement, "And the foregoing is all of the evidence introduced or offered by either party on the trial of said cause." When this recital is considered with the certified verification of the bill, it is plain that the requirements of this court concerning the point raised have been met.

The 4th ground of the motion, i. e., the insufficiency of the abstract of the record filed by plaintiff in error, pursuant to Rule 37 of this court, is well taken in several respects. There is no statement of the contents of the pleadings or of the motion for a new trial such as the rule contemplates. It cannot be gleaned from the abstract before us, the true state of the issues between the parties, as only those allegations which counsel for plaintiff in error deem material are set out. None of the assignments of error relied on are given and there is no final certificate of the abstract's truth and accuracy, as the rule directs. Argument on the merits of the case or on the questions involved in it does not properly belong in an abstract, yet it appears occasionally in the one at

bar. The rule provides that, "In the case of oral testimony and depositions, the substance shall be reduced to narrative form except where, with respect to material portions of the record, it is deemed necessary to use the exact language thereof." This does not mean that a party shall not abstract testimony or evidence which he alone may think immaterial, but he should include sufficient thereof to reflect accurately the evidence which either side may fairly desire to rely upon in this court, and to this end having in mind always the questions raised and argued in the court below.

No dates are given showing the due filing of the petition in error and the steps taken to perfect the review proceedings. So far as the abstract is concerned, we are left to surmise as to when the pleadings in the case or the motion for a new trial were filed. What is required by the rule is, as said by the Supreme Court of Kansas in Atchison, Topeka, & Santa Fe Ry. Co. v. Conlon, 77 Kan. 324, 94 P. 148, "the luminous but compendious brevity which should characterize an abstract," and, as indicated by the Supreme Court of Illinois in the quite recent case of Long v. Brink, 353 Ill. 549, 187 N. E. 508, 509 (Oct. 21, 1933), an abstract which "must be sufficient to enable the court to determine therefrom, without resorting to the record itself, whether the errors assigned are well taken." When this is done, not only is the court materially aided in its work, but counsel for both parties will have a much better understanding of the record, which necessarily controls the disposition of the case here.

In view of the fact that an amended petition in error is to be filed, and having in mind the questions presented by this record and, also, that as previously mentioned, the time for instituting proceedings in

error has not yet expired, we deem it in furtherance of justice not to dismiss the case outright,—Simpson v. Occidental Building & Loan Assn. et al., 45 Wyo. 425, 19 P. (2d) 958,—but to overrule the motion and, at the same time, order that plaintiff in error file and serve a proper abstract of the record within 30 days from the filing of this opinion and, in default thereof, that the cause stand dismissed. The defendant in error will be allowed the usual time for briefs and supplemental abstract,—should that be necessary—after the lapse of said 30 day period.

Leave to file the amended petition in error will be granted.

KIMBALL, C. J., and BLUME, J., concur.