## SCOTT v. COLUMBIA SAVINGS AND LOAN ASSOCIATION

(No. 1863; October 1, 1935; 49 Pac. (2d) 488)

For the plaintiffs in error, there was a brief by *E. E. Enterline, Madge Enterline,* and *Durham & Bachellor,* of Casper, and oral argument by *Mr. Enterline.*

For the defendant in error, there was a brief by *M. L. Bishop, Jr.,* of Casper, and oral argument by *Mr. Bishop.*

KIMBALL, Chief Justice.

By a letter signed by the attorneys for all the parties, the court is advised that since the submission of the case the parties "have compromised their differences with the understanding however that if possible the decision of the court on the questions involved should not be interrupted." It is said that a decision of some of the questions raised by the petition in error would be important on matters continuously arising in the various district courts, but it is not intimated that

a decision would affect the rights of the parties under their compromise. The letter ends with the statement that: "Upon mature reflection we have some doubt as to whether after compromise parties have a right nevertheless to secure a decision upon a case that has been submitted before compromise. We therefore concluded to bring the matter to your attention so that the court may take such action as in its opinion the case requires."

The doubt expressed by counsel is well founded. In an examination of a number of authorities we have found no case where an appellate court under similar circumstances has assumed to decide the questions raised on appeal or error.

In California v. San Pablo etc. R. Co., 149 U. S. 308, 314, it was said:

"The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard."

Where all differences respecting the subject matter of a controversy are compromised during the pendency of an appeal or proceeding in error, the questions involved become moot, and the appeal or petition in error will be dismissed. 4 C. J. 579; General Petroleum Corp. v. Beilby, 213 Calif. 601, 2 P. (2d) 797; Schlanbusch v. Schlanbusch, 103 Neb. 588, 173 N. W. 580; Poole v. Higgins, 44 Okla. 96, 143 Pac. 666; Pruitt v.

Bell, 46 Ga. App. 704, 168 S. E. 920, and other cases cited below. See, also, North Laramie Land Co. v. Hoffman, 28 Wyo. 183, 201 Pac. 1022.

There is no reason for making this case an exception to the general rule. It is immaterial that the case was submitted before the compromise (Thorton v. Madison Woolen Mills, 41 Wis. 265; Wedekind v. Bell, 26 Nev. 395, 413, 69 Pac. 614, 99 Am. St. R. 704; Auction etc. Warehouse v. Burley etc. Ass'n., 213 Ky. 408, 281 S. W. 185), and that the parties request a decision on the merits (Wedekind v. Bell, supra; Hunter v. Dickenson, 3 Colo. App. 372, 33 Pac. 932; Johnson v. Saindow, 99 Vt. 436, 134 Atl. 585; California v. San Pablo etc. R. Co., supra).

The proceeding in error will be dismissed. Neither party will recover costs.

BLUME and RINER, JJ., concur.