HARRY J. HUNT, *Plaintiff and Appellant,*

vs.

ROBERT FLUTY, *Defendant and Respondent.*

(No. 2318; September 11th, 1945; 161 Pac. (2d) 671)

72

For the Plaintiff and Appellant, the cause was submitted on the brief of F. K. Dukes, of Laramie, Wyoming.

For the Defendant and Respondent, the cause was submitted on the brief of J. R. Sullivan of Laramie, Wyoming.

## OPINION

KIMBALL, Justice.

This is an appeal in an action by plaintiff, a real estate broker, to recover a commission which he alleged he had earned by finding a person ready and able to buy property belonging to defendant. The trial was by the court without a jury; judgment was for the defendant on a general finding in his favor, and plaintiff appealed.

In this court, the case was submitted on the briefs, without oral argument. The abstract of the record does not comply with our rule 37, 42 Wyo. 540. In some respects it is a mere index of the record. The outstanding defect is that it contains no abstract of the evidence. Though the only point argued in appellant's brief is that the evidence required a finding and judgment in plaintiff's favor, the abstract contains no reference to the evidence, except a statement that the transcript of the testimony will be found in the record, giving the pages. We have said that an abstract of the record is not intended as a mere index, and that it should be sufficient to enable the court from it to determine the merits of the case. Wyodak Chemical Co. v. Board of Land Commissioners, 51 Wyo. 265, 282, 283, 65 P. (2d) 1103, 1109, and cases cited.

In this case, however, we are willing to dispose of the appeal on the merits. Counsel for respondent has made no point of appellant's failure to file a sufficient abstract. The issue is simple, the testimony brief, and our opinion need not be long.

In the pleadings it was admitted that, in December, 1943, the property was listed with plaintiff by defend-

ant for sale for the price of $6500 in cash, with the understanding that the plaintiff's commission for finding a buyer would be five per cent of the price. It was also admitted that plaintiff did not find a buyer able to pay the price in cash. There was no sale, and no ground for a claim of a broker's commission under defendant's offer made at the time of the listing. See Owens v. Mountain States T. & T. Co., 50 Wyo. 331, 342, 343, 63 P. (2d) 1006, 1009.

Plaintiff, however, contends that defendant's demand that the buyer pay cash was waived, and other terms agreed upon, in May, 1944, while the property was being showed to Kurtz, the prospective buyer. The testimony on this point was conflicting. Plaintiff and Kurtz testified that defendant agreed to sell to Kurtz on these terms: Kurtz to pay $1400, all the cash he had; $4100 that he intended to obtain by mortgaging the property to a building and loan company, and promise to pay the rest ($1000) in ten equal, monthly installments. Defendant testified that he always insisted that the price must be paid in cash; that when he was first told that Kurtz had only $1400, he was also told that the rest of the purchase price would be obtained for Kurtz by plaintiff from a building and loan company. On that information, defendant was willing to accept Kurtz as a buyer. A few days later, when defendant was told by plaintiff that Kurtz could not get all the money, and defendant was "going to have to carry a thousand dollars," defendant at once declared that the property had never been for sale except for cash, and called off the deal. Defendant's testimony was supported in important particulars by that of his wife, and was sufficient to justify a finding that plaintiff did not find a person willing and able to buy for cash or on any other terms that defendant had agreed to. It is not necessary to consider the significance of testimony that no formal application for a

loan was ever presented to the building and loan company (See Pellation v. Brunski, 69 Calif. App. 301, 231 Pac. 583), or the lack of testimony to show that anything was said concerning security for, or interest on, the $1000, which, according to plaintiff's testimony, defendant was expected to "carry".

*The judgment will be affirmed.*

BLUME, Ch. J., and RINER, J., concur.