496

J. EDWARD HOY, J. L. VONDRA and
KERMIT BROWN,

*Appellants-Appellants,*

vs.

WILLIAM C. FREDERICK,

*Appellee-Respondent.*

(No. 2556; January 6th, 1953; 252 Pac. (2d) 112)

For the appellant the cause was submitted upon the brief and also oral argument of Fred E. Wheeler of Torrington, Wyoming.

For the respondent the cause was submitted upon the brief of Kline & Kline of Cheyenne, Wyoming, and oral argument of Mr. Arthur Kline.

## OPINION

RINER Justice.

Conflicting applications to lease School Section 36 Township 29 North, Range 65 W in Goshen County, Wyoming, were filed with the Commissioner of Public Lands on behalf of the appellee, William C. Frederick, who is the respondent here and was the old lessee, and J. Edward Hoy, J. L. Vondra and Kermit Brown who are now the appellants. The parties will usually be referred to as designated above or by their respective surnames.

After investigating the merits of these several applications the Commissioner awarded the lease of said lands to Frederick. His decision regarding the matter being set forth in these words:

"In this conflict all applicants are qualified to lease State Lands, however, applicant William C. Frederick is the old lessee and, therefore, has a legal preference right to have his lease renewed. He has complied with all the provisions of his former lease, paid his rental when due and has actual use for the land. It is further noted that this land is grazing land at present and in the opinion of the commissioner should remain so for the good of the State of Wyoming. The application of William C. Frederick to lease is hereby allowed for a ten year term at an annual rental of $96.00 or 15c per acre.

"The application of J. Edward Hay (Hoy), J. L. Vondra and Kermit Brown is disallowed."

The losing parties, Hoy, Vondra and Brown thereupon appealed the matter to the Board of Land Commissioners; that Board confirmed the decision of the Commissioner—whereupon the parties last mentioned again appealed the case to the District Court of Goshen County. There a trial de novo was had as provided in Section 24-306, W.C.S. 1945, which was concluded by the entry of a judgment approving and confirming the action of the Board in denying the application of the appellants aforesaid. This judgment was based upon

findings made by the court to the following effect:

"(1)   That there was no evidence of fraud in the decision of the Board of Land Commissioners of the State of Wyoming upon which to reverse its decision in awarding the state lease in controversy to the appellee William C. Frederick.

"(2)   That there was no abuse of discretion by the said Board of Land Commissioners in awarding said state lease to the appellee William C. Frederick.

"(3)   That there was no illegal exercise of discretion on the part of the said Board of Land Commissioners in awarding the said state lease to the appellee William C. Frederick.

"(4)   That there were legal and reasonable grounds for the action and decision of the said Board of Land Commissioners in awarding said lease to the appellee William C. Frederick."

Entertaining the view that the Commissioner, the Board and the District Court were each wrong in their several dispositions of the cause the appellants have once more presented the matter by an appeal to this court.

In respondent's brief filed in this court October 31, 1952, and the same day mailed by the counsel who signed it to appellants' counsel, it is pointed out that the appeal should be dismissed because the abstract of the record undertaken to be prepared by counsel for appellants is defective on account of its failure to comply in a number of important particulars with our Rule 37 as construed by prior decisions of this court.

An examination of the so-called abstract of the record in the case discloses that when compared with the original record on file herein, the abstract as to about one third of said record is a mere index of the matter embodied in said record. Neither a copy of the judgment entered by the District Court in the cause nor a

copy of the Notice of Appeal from said judgment appears in said abstract. We have been compelled to search through the original record in order to find the material embodied in these extremely important papers. Again page after page of narrative recital of the testimony given in the case is set forth in the abstract without reference being furnished as to where it may be found in the record itself.

In Scott v. Ward, 49 Wyo. 243, 250; 54 P (2d) 805 it was pointed out that:

"There is an additional reason why the action of this court indicated below should be taken. The abstract of the record submitted on behalf of appellant quite fails in several important particulars to comply with our Rule 37, viz.,—a failure to show accurately the contents of the pleadings, the judgment rendered, notice of appeal therefrom and service of the notice of appeal. Simpson v. Occidental Building & Loan Ass'n., 45 Wyo. 425, 19 Pac (2d) 958; Fryer v. Campbell, 46 Wyo. 491, 28 Pac (2d) 475."

In Wyodak Chemical Co. v. Board of Land Commissioners, 51 Wyo. 265, 282; 65 P (2d) 1103, this court said in explanation of our rule 37:

"An abstract of the record is not intended as a mere index. 4 C.J. 389. While it should be concise, it should be sufficiently complete, so that the court can take and examine it, and from it determine the merits of the case. It has been well stated in 4 C.J.S. 1478:

" 'Since an abstract is intended to take the place of the record in presenting and determining the case in the appellate court, and the court will not usually look into the record for matter not covered in the abstract, it is essential that the abstract be full and complete enough, in and of itself, without the necessity for referring to the record, clearly to show the errors relied on, and present so much of the record and bill of exceptions as is pertinent to a decision of the questions presented for review.

" 'To the same effect is 4 C.J. 391.' "

Referring to the case last above cited in Hunt v. Fluty, 62 Wyo. 71, 74; 161 P (2d) 671, the court again said:

"We have said that an abstract of the record is not intended as a mere index, and that it should be sufficient to enable the court from it to determine the merits of the case. Wyodak Chemical Co. v. Board of Land Commissioners, 51 Wyo. 265, 282, 283; 65 P (2d) 1103, 1109, and cases cited."

It is perfectly obvious that the abstract submitted in the instant case does not comply with the provisions of our Rule 37 aforesaid or with the prior decisions of this court under it. Notwithstanding all this no effort appears to have been made to cure these defects in the abstract though they were called to counsel's attention by the brief of his opponent filed herein on October 31, 1952. The case was not argued here until November 19, 1952. Our rule 37 nevertheless has been in force since January 1st, 1931, and all members of the profession are, or should be, thoroughly familiar with its requirements.

It is apparent that this cause under the decisions reviewed above is subject to dismissal. However, we are always reluctant to dispose of litigation otherwise than on the merits and we have taken the trouble to examine carefully the record on file in this case.

We may note that in addition to what has been said hereinabove that in Banzhaf et al v. The Swan Co., 60 Wyo. 201, 211, 214; 148 P (2d) 225, 228, 229 it was said:

" * * * the trial 'de novo' as mentioned in Section 91-306, W.R.S. 1931, is simply limited to a determination on the part of the District Court whether on the facts proven there was 'an illegal exercise' of the Board's

discretion, a case of fraud or a 'grave abuse of such discretion.' Unless one of these three elements should appear the action of the Board should not be disturbed."

Referring to the Swan Co., one of the litigants in that case, we find this was also said: (p. 214, 60 Wyo.) "It held the lease which has just expired. So far as appears in this record it has paid the annual rental thereon when due and has never violated the terms of that lease. Relative to the question of actual and necessary use for the land, we may say, that while the evidence on that matter is in conflict, it is clear that the Board, in the exercise of its discretionary power, resolved that conflict in favor of The Swan Company. The same thing is true relative to the matter of the proposed lease inuring to the 'greatest benefit' to the State."

It may be also further observed that the Land Board has obeyed the mandate of the legislature contained in Section 24-107, W.C.S. 1945 which reads as follows:

"The board shall cause all lands under its jurisdiction to be appraised and classified by agents appointed for that purpose, as rapidly as appropriation for the work will permit. Such appraisals and classification when approved by the board, shall be the basis for determining the minimum and maximum agricultural and grazing rental, and the sale value of the lands, and *when once approved, may be changed only in the manner provided by the rules adopted by the board.* The expense of such appraisals and classification shall be paid from the available contingent funds appropriated for the use of the commissioner, or funds expressly appropriated for that purpose. (Laws 1929, ch. 108, § 7; R.S. 1931, § 91-107.)" (Italics supplied.)

The record before us discloses that the land heretofore has been classified as grazing land and for many years has been leased by the Board as such. The Commissioner of Public Lands, after an examination of the land in question, in disposing of this case as it stood before him remarked:

"It is further noted that the land is *grazing land at present* and in the opinion of the commissioner should *remain so for the good of the State of Wyoming.*"

The Board, it seems, reached the same conclusion.

The record before us shows that the previous attempt of a former lessee to transform the land into another classification by plowing up a portion of it has resulted disastrously for the land. The plowed portions have attracted prairie dog towns and noxious weeds. Bearing this fact in mind the propriety of the rulings of the Commissioner and the Board become at once apparent and important.

Appellant does not call our attention where there has been any fraud involved in the disposition of this case by the Board or any abuse of discretion on its part or any illegal exercise of its powers. On the contrary a dispassionate perusal of the testimony in the original record coming here from the district court would substantiate that the action of the Commissioner and the Board was such as would "inure to greatest benefit to the State." So thought the District Court. See section 24-113, W.C.S. 1945.

The decision of the district court in view of all our previous dispositions of questions of this character was correct and we have reached the conclusion without hesitation that it should be affirmed.

*Affirmed.*

BLUME, C. J., and ILSLEY, J., concur.